PER CURIAM.
Finding no error in the trial court’s refusal to dismiss the informations against appellant and there being no proper showing of prejudice to appellant[1] due to the trial court’s failure to fully comply with Florida Rule of Criminal Procedure 3.172(c)(i), we affirm the judgments of guilt against appellant, albeit without prejudice to his filing a Rule 3.850 motion challenging the voluntariness of his plea.
However, the single sentence imposed on the two counts against appellant is an illegal general sentence and must be corrected. Dorfman v. State, 351 So.2d 954 (Fla.1977); Darden v. State, 306 So.2d 581 (Fla. 2d DCA 1975). In addition, the mandatory three-year minimum sentence for trafficking in cannabis required by Section 893.135(l)(a)l., Florida Statutes (1979) should be included in the sentence. Accordingly, the sentence is vacated and the cause remanded for resentencing. Appellant need not be present at resentencing.
OTT, C. J., and HOBSON and BOARD-MAN, JJ., concur.

. A showing of prejudice is mandated by Florida Rule of Criminal Procedure 3.172(i).