571 So.2d 70 (1990)
James JEFFERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-3083.
District Court of Appeal of Florida, First District.
December 11, 1990.
*71 Barbara M. Linthicum, Public Defender, and Paula S. Saunders, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Laura Rush, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant contests his adjudication and sentence as a habitual felony offender, contending that the lower court erred in so sentencing him without conducting a separate hearing to determine his status as such, notwithstanding that he had waived a formal hearing and entered into a stipulation agreeing that he was a habitual offender and should be so sentenced. We disagree with appellant's contention and affirm.
The record discloses that appellant's sentence of twelve years was part of a plea bargain agreement, and that the sentence imposed fell within the sentencing range recommended under the applicable guidelines scoresheet. The sentencing order states, and the record supports, that appellant freely, voluntarily, and knowingly stipulated that he was a habitual felon and agreed to be sentenced as a habitual felony offender. Based upon the stipulation, the court considered it unnecessary to make the requisite findings of fact, or to conduct a separate hearing to determine whether appellant complied with the criteria relating to habitual felony offenders, as required by Section 775.084(3), Florida Statutes (Supp. 1988).
We find nothing in this statute implying that a defendant is not free to waive the procedural rights set forth therein, i.e., his right to a separate hearing at which he is accorded the rights of confrontation, cross-examination, and representation by counsel. Although we are not aware of any decisions which have specifically addressed the issue at bar, we are aware that in other contexts, defendants have been recognized as having the option to waive numerous substantive rights in the criminal justice area, even though waiver is not expressly provided by statute. See, e.g., State v. Rodriguez-Acosta, 561 So.2d 531 (Fla. 1990) (statutory right to trial by twelve-person jury validly waived, and trial by six-person jury substituted therefor in exchange for the state's waiver of the death penalty); R.F.R. v. State, 558 So.2d 1084 (Fla. 1st DCA 1990) (juvenile waived right to dismiss a petition for delinquency filed more than forty-five days after he was taken into custody in violation of Section 39.05(6), Florida Statutes (1987)); Jordan v. State, 561 So.2d 16 (Fla. 2d DCA 1990) (waiver of statutory right to hearing on costs assessed); Rowe v. State, 496 So.2d 857 (Fla. 2d DCA 1986) (no error in accepting plea to specific bargained-for sentence which was outside the guidelines in return for state's promise not to seek enhanced penalty under habitual offender statute), review denied, 545 So.2d 1368 (Fla. 1989).
Having considered the above authorities, as well as the record which supports the trial court's determination that the defendant's plea and stipulation were knowingly and voluntarily made, we find no error resulting from the trial court's sentence of appellant as a habitual felony offender.
AFFIRMED.
WIGGINTON and MINER, JJ., concur.