PER CURIAM.
Upon acceptance of appellant’s plea of guilty to violation of probation,[1] the trial court sentenced him to a prison term of thirty (30) months, followed by a term of probation. The court also ordered, as a condition of probation, that appellant pay the restitution which had been ordered as a condition of his original probation, but which remained unpaid. There was no appeal from the original order for payment of restitution, nor from a subsequent order placing appellant in the Probation and Restitution Center because of his failure to pay restitution as ordered.
Appellant challenges the order to pay restitution following his prison term. The burden of demonstrating the absence of potential future financial resources of the defendant sufficient to pay restitution is upon the defendant. § 775.089(7), F.S. (1989). Because appellant failed to present or to proffer any evidence as to his financial ability, he waived any objection to the trial court’s inquiry into appellant’s ability to pay restitution, and his sentence is affirmed. See, Abbott v. State, 543 So.2d 411 (Fla. 1st DCA 1989).
AFFIRMED.
SMITH, NIMMONS and ZEHMER, JJ„ concur.

. Appellant was charged with violation of his probation for leaving the Probation and Restitution Center without permission. .