571 So.2d 97 (1990)
Fred D. PARRISH, Appellant,
v.
STATE of Florida, Appellee.
No. 89-3077.
District Court of Appeal of Florida, First District.
December 14, 1990.
*98 Barbara M. Linthicum, Public Defender, Lawrence M. Korn, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., William A. Hatch, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant, Fred D. Parrish, pled nolo contendere to a July 12, 1989, robbery. He was sentenced as a habitual felony offender under section 775.084, Florida Statutes (Supp. 1988), based upon a pair of Alabama burglary convictions. On appeal, he argues that the 1988 version of the habitual offender statute requires at least two Florida felony convictions, and that his Alabama convictions were insufficient to make him a habitual offender. The state concedes error on this point, and we agree that appellant was improperly classified as a habitual offender.
To be deemed a habitual felony offender, the 1988 habitual offender statute necessitates an initial finding that the defendant has "previously been convicted of two or more felonies in this state." § 775.084(1)(a)1, Fla. Stat. (Supp. 1988). Although the statute contains additional requirements which permit the use of out-of-state convictions, the state's failure to establish the first requirement forecloses the possibility of habitual offender classification. Because appellant only had out-of-state convictions, he was outside the scope of the habitual offender provision.
Accordingly, we must REVERSE appellant's enhanced sentence and REMAND the case for resentencing.
ERVIN, WIGGINGTON and MINER, JJ., concur.