576 So.2d 742 (1991)
Arthur FLEWELLING, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2450.
District Court of Appeal of Florida, First District.
February 6, 1991.
On Motion for Rehearing March 27, 1991.
Barbara M. Linthicum, Public Defender, and Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Arthur Flewelling appeals his conviction and sentence on charges of grand theft of an automobile, forgery, uttering, and petit theft. He was sentenced as an habitual felony offender. He raises four points on appeal dealing with his sentence as an habitual felony offender. Since we reverse on the first point, we find it unnecessary to reach the other three.
Flewelling contends that the trial court erred in sentencing him as an habitual felony offender based only on prior out-of-state felony convictions because the applicable statute, section 775.084, Florida Statutes (1988 Supp.), explicitly requires proof that the "defendant has previously been convicted of two or more felonies in this state." It is agreed that Flewelling's prior felony convictions did not occur in Florida. This court has previously held that the 1988 habitual offender statute requires that the prior convictions of felonies must have occurred in Florida. Parrish v. State, 571 So.2d 97 (Fla. 1st DCA 1990). Therefore, *743 we vacate the sentence and remand for resentencing.
ERVIN, NIMMONS and ZEHMER, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellee's motion for rehearing is denied. We note that in Parrish v. State, 571 So.2d 97 (Fla. 1st DCA 1990), upon which our opinion in the instant case relied, the state, through another assistant attorney general, conceded error as to the very same point upon which the state relies for rehearing in its present motion.
NIMMONS and ZEHMER, JJ., and WENTWORTH, Senior Judge, concur.