578 So.2d 769 (1991)
Robert Francis CARISTI, Appellant,
v.
STATE of Florida, Appellee.
No. 90-97.
District Court of Appeal of Florida, First District.
April 11, 1991.
*770 Barbara M. Linthicum, Public Defender, and David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
The principal issue raised on this appeal is whether a negotiated written plea agreement upon which judgment of conviction and sentence has been entered may be collaterally attacked by the defendant. We affirm the appealed order denying such collateral relief without prejudice to the filing of a rule 3.850 motion containing proper allegations of grounds for relief pursuant to this opinion.
Several months after entry of judgment of conviction and sentence on several criminal charges based on his plea of nolo contendere, Caristi filed a motion for leave to withdraw his plea. The plea had been accepted by the trial court pursuant to a written plea agreement signed by Caristi and his counsel, an assistant public defender. Caristi signed the agreement in the presence of his counsel when he appeared in open court for sentencing on March 22, 1989. Among other things, the written agreement recited that Caristi would be sentenced as a habitual felony offender. During the sentencing hearing, the trial court made no inquiry whatsoever of appellant concerning the circumstances of the charged offenses and his understanding of the plea, as required by rules 3.170(j) and 3.172, Florida Rules of Criminal Procedure; the written plea agreement was simply accepted without significant inquiry or comment. Appellant was adjudicated guilty and sentenced as a habitual felony offender pursuant to section 775.084, Florida Statutes (1988 Supp.), to five years' imprisonment on two third degree felony charges of aggravated assault, these sentences to be served consecutively, and to one year's imprisonment on a battery charge and six months' imprisonment on a petit theft charge, to be served concurrently with the sentences imposed on the assault charges. It should be noted that the assistant state attorney handling this hearing was not the same attorney who had negotiated the plea agreement.
About three months later, around June 30, 1989, Caristi filed a pro se motion to correct his sentence pursuant to rule 3.800(a), alleging that upon entering service of his sentence with the Department of Corrections, he was informed of his classification as a habitual offender and apparently then realized that this classification denied him eligibility for certain gain time. His motion sought to have this classification set aside on grounds the court failed to comply with the procedural requirements in section 775.084, including a separate hearing on the adjudication as a habitual offender. His motion was denied based on the written plea agreement.
In November 1989, Caristi filed a second motion to correct his sentence, this time through his appointed counsel who had represented him throughout the proceedings before the trial court. This motion alleged that Caristi and his counsel had negotiated a plea agreement for ten years in prison, and that neither Caristi nor his counsel realized that he was being sentenced as a habitual offender because the negotiations with the state attorney's office were "for a straight ten (10) years in prison and that was what the Defendant was prepared to enter a plea to." The motion prayed that the sentence be corrected to ten years "without the aspects of a habitual sentence being imposed as it was through inadvertence and not intent that the Defendant signed the plea agreement and was sentenced as a habitual offender." This motion was also denied in view of the written plea agreement.
Also in November 1989, Caristi's counsel filed a motion to withdraw the plea of nolo contendere as not being freely and voluntarily entered, alleging in part that: (1) the requirements of rule 3.170 were not satisfied; (2) the requirements of rule 3.172 were not satisfied; (3) "due to last minute plea negotiations with the State Attorney's Office which substantially altered the terms of the written plea agreement, the Defendant plead (sic) to and was sentenced *771 not in accordance with the plea agreement and his understanding of the negotiated plea;" (4) the defendant signed a written plea agreement in open court that did not reflect the true terms of his negotiated sentence; and (5) the defendant has suffered prejudice "in that he was sentenced as a habitual offender without intending to plead as a habitual offender, without being fully advised that the written plea included the habitual offender status, and without prior knowledge of the ramifications of being sentenced under habitual offender status." The record reflects that appointed counsel representing Caristi has confirmed to the court his belief in the truthfulness of these allegations. The assistant state attorney handling the case at sentencing indicated that the state disputes these allegations, but no evidentiary hearing has been held to determine this or any other disputed issues of fact. The trial court again denied the motion in reliance on the written plea agreement. On this timely appeal taken from that order Caristi urges three points for reversal.

I.
First, Caristi argues that he and his counsel believed Caristi would be sentenced to a straight ten years, not as a habitual felony offender, and that the plea and sentence are invalid and must be vacated because the trial court did not comply with any of the requirements of rules 3.170 and 3.172. The state responds that a "formal" violation of the procedures for receiving a plea pursuant to the cited rules is not a valid ground for a collateral attack and that Caristi is procedurally barred from raising this issue on this appeal. The state argues that the motion does not meet the requirements of rule 3.850 because the issues sought to be raised could or should have been raised on direct appeal, citing by way of example, based on similar provisions in federal law, United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). Even if the issue is so reviewable, the state urges, the trial court's failure to strictly comply with the formal procedures for accepting Caristi's plea was harmless because the written plea agreement executed by Caristi and his counsel recited the defendant's consideration of substantially the same information that the trial court was obligated to cover with the defendant when accepting his plea under the cited rules.
The state argues persuasively that there must be a limit on the defendant's right to further review, either by direct appeal or collateral attack, after his conviction and sentence entered upon a plea of guilty or nolo contendere without reserving the right of appeal. See § 924.06(3), Fla. Stat. (1987). Pointing out that rule 3.850 does not authorize collateral relief on grounds that could have or should have been raised at sentencing or on direct appeal of the judgment or sentence, the state argues that the grounds alleged in Caristi's motion to withdraw his plea cannot form the basis of a collateral attack at this time because these grounds could have been raised at sentencing and on direct appeal, citing "Mickens v. State, [562 So.2d 856] 15 F.L.W. D1661 (Fla. 1st DCA June 21, 1990) (issue raised sua sponte by court where Anders brief was filed); Martinez v. State, 417 So.2d 770 (Fla. 2d DCA 1982) (issue implicitly raised by defendant); and Robinson v. State, 373 So.2d 898, 903 (Fla. 1979), where the court held that `a defendant's right to appeal from a guilty plea is limited to a class of issues which occur contemporaneously with the entry of the plea.'"
We join in the state's and the trial court's concern that, as most criminal prosecutions are resolved by pleas, to allow collateral attack of guilty and nolo contendere pleas made pursuant to written plea agreements on grounds that the court did not comply with all formal requirements of rules 3.170 and 3.172 at the sentencing hearing would open the door to a flood of post-conviction applications by incarcerated prisoners. The need for finality in regard to such judgments and sentences is a compelling state interest that must be observed and enforced consistent with the fairness requirements of due process; and enforcing limitations on the right to file 3.850 motions on these grounds will not ordinarily impair the fairness of the plea and sentencing *772 proceedings because the failure to observe all formal requirements of the cited rules is always readily apparent at the hearing and subject to immediate correction by contemporaneous objection or appellate review by direct appeal. On the other hand, the trial court's failure to comply with any of the requirements of rules 3.170 and 3.172, as in this case, presents questions of significant concern regarding the fairness of the pleas and sentencing proceeding and the propriety of holding Caristi to the terms of the written plea agreement. Placing total reliance upon a written plea agreement made out of court without pursuing any of the required inquiries of the defendant after placing him under oath in open court does not comport with the purpose and intent of these rules. Indeed, full compliance with the express procedures and inquiries undoubtedly would have served to avoid problems such as those we are reviewing in this case.
The rules of criminal procedure expressly authorize certain means of relief from the imposition of invalid sentences. Rule 3.170(f) expressly authorizes a motion to withdraw a plea of guilty if made before sentence has been imposed. Moreover, a trial court's failure to comply with the requirements of rules 3.170 and 3.172 during the acceptance of the plea agreement and sentencing are valid grounds for reversal on a direct appeal of the judgment and sentence, e.g., Hyde v. State, 405 So.2d 445 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 466 (Fla. 1982); Scheller v. State, 327 So.2d 876 (Fla. 2d DCA 1976), provided there is a showing of prejudice to the defendant pursuant to rule 3.172(i), and such objections are first timely presented to the trial court by way of a motion to withdraw plea. See Robinson v. State, 373 So.2d 898, 902 (Fla. 1979); Peak v. State, 399 So.2d 1043 (Fla. 5th DCA 1981). Rule 3.800 authorizes a defendant to apply to the trial court, at any time after judgment and sentence have been entered, to obtain relief from an illegal sentence, or to apply within sixty days for reduction of a legal sentence; however, these provisions do not authorize a belated motion collaterally attacking a legal sentence imposed pursuant to a written plea agreement, as in this case. Therefore, we must conclude that Caristi could not resort to any of these provisions to obtain relief under the circumstances alleged in his motions. Hence, the critical question is whether a defendant who signs a written plea agreement allegedly without understanding its true meaning and effect is barred from attacking the validity of his plea and agreed sentence other than by contemporaneous objections at the sentencing hearing or by direct appeal from the sentence.
Rule 3.850 is the only rule that expressly provides a procedure for obtaining, after imposition of judgment and sentence, relief from an invalid sentence entered pursuant to a plea agreement if no contemporaneous objection was made or no appeal was taken from the sentence. Although, as the state points out, rule 3.850 expressly precludes a collateral attack on grounds that could or should have been presented at trial and on direct appeal of the judgment and sentence, there is a significant question about whether this limitation also precludes collateral review if the plea and sentence had been involuntarily entered due to lack of knowledge of the consequences of the plea agreement. In Williams v. State, 316 So.2d 267 (Fla. 1975), the Florida Supreme Court observed that a defendant should be able to withdraw a negotiated plea after sentencing due to substantial infirmities in the plea hearing that cast doubt on the voluntariness of the plea; but, as recognized in that court's opinion, no rule has been adopted in Florida specifically providing for collateral attack of a plea agreement other than in rule 3.850. Hence, that case merely recognizes the problem but provides no answer to the question.
The state suggests that federal decisions construing and applying similar federal law provide helpful assistance in determining if or when to allow a collateral attack for failing to comply with the formal requirements of rule 3.172. The United States Supreme Court in United States v. Timmreck, supra, held that a collateral attack pursuant to Title 28 U.S.C. § 2255 (the federal counterpart to the procedure *773 codified in Florida's rule 3.850) is not authorized "when all that is shown is a failure to comply with the formal requirements of the Rule [11]."[1] 441 U.S. at 784, 99 S.Ct. at 2087. The Court's decision was based primarily on "the concern with finality served by the limitation on collateral attack ... with respect to convictions based on guilty pleas." Ibid. We do not agree, however, with the state's argument for an expansive interpretation of Timmreck so as to preclude all collateral attacks based on non-compliance with the requirements of that rule. In Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), the Supreme Court recognized that "a defendant whose plea has been accepted without full compliance with Rule 11 may still resort to appropriate post-conviction remedies to attack his plea's voluntariness" and that "if his plea was accepted prior to our decision in McCarthy, he is not without a remedy to correct constitutional defects in his conviction." 394 U.S. at 833, 89 S.Ct. at 1499. See also Boykin v. Alabama, 395 U.S. 238, 248, 89 S.Ct. 1709, 1714, 23 L.Ed.2d 274 (1969). The Court explained in Timmreck:
The reasoning in [Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)] is equally applicable to a formal violation of Rule 11. Such a violation is neither constitutional nor jurisdictional: the 1966 amendment to Rule 11 obviously could not amend the Constitution or limit the jurisdiction of the federal courts. Nor can any claim reasonably be made that the error here resulted in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure." Respondent does not argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty. His only claim is of a technical violation of the Rule. That claim could have been raised on direct appeal ... but was not. And there is no basis here for allowing collateral attack "to do service for an appeal."
441 U.S. at 783-84, 99 S.Ct. at 2087-88. Significantly, the Court left a window open for obtaining relief through collateral attack "if a violation of Rule 11 occurred in the context of other aggravating circumstances." 441 U.S. at 784-85, 99 S.Ct. at 2087-88. We agree with the state that the principles of these federal cases should be treated as persuasive in determining the scope of collateral attack authorized by rule 3.850 in similar circumstances. We also agree with the state that there is ample support in the Florida cases for the proposition that the trial court's failure to follow the formal requirements of rules 3.170 and 3.172 could and should have been timely raised before the expiration of the time for appeal from the judgment and sentence, thereby foreclosing collateral attack on such grounds under rule 3.850.
Our agreement with the state on these propositions does not necessarily mean, however, that Caristi is left without any avenue of relief that may be initiated after sentencing to correct the alleged error regarding the entry of his plea. Obviously, if the allegations in his motion are true, Caristi was misled and incompetently informed about his sentence as a habitual felony offender. Rule 3.171(c)(2) requires defense counsel to advise the defendant of "all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea, the likely results thereof as well as any possible alternatives which may be open to him." Defense counsel apparently failed to fulfill these responsibilities by permitting Caristi to sign a plea agreement that did not accurately reflect the true intent of the negotiated plea agreement. This failure on defense counsel's part amounts to a clear instance of ineffective assistance of counsel, if shown by the facts to be true. Rackley v. State, 571 So.2d 533 (Fla. 1st DCA 1990). See Setzer v. State, 575 So.2d 747 (Fla. 5th DCA 1991). Hence, the trial court's failure to follow the formal precepts of rules 3.170 and 3.172 when accepting Caristi's plea and imposing sentence occurred in the context *774 of other aggravating circumstances that necessarily fall within the window allowing collateral attack explicitly recognized by the Supreme Court in Timmreck. Accordingly, we hold that relief from the plea and sentence under the circumstances alleged in Caristi's motion may be obtained pursuant to rule 3.850.
Caristi's motion to withdraw plea presently before us does not contain allegations meeting all of the technical requirements of a rule 3.850 motion. Indeed, his counsel on this appeal has relied only on the trial court's failure to comply with the formal requirements of rules 3.170 and 3.172 as per se grounds for reversal. Likewise, this was the only argument presented to the trial court at the hearing on the motion. No reference has been made by appellant's counsel to grounds based on ineffective assistance of counsel. In view of these circumstances, we conclude that appellant has not shown any reversible error in the trial court's denial of the motion to withdraw plea. However, our ruling on this point is made without prejudice to appellant's right to assert the alleged deficiencies regarding his plea and sentencing in a properly framed rule 3.850 motion based on allegations of ineffective assistance of counsel.

II.
Caristi's second point on appeal contends that the order denying his motion to withdraw plea should be reversed because the trial court failed to follow the statutory procedures mandated in section 775.084 when sentencing him as a habitual felony offender. Caristi argues that these procedural requirements must be followed regardless of whether the defendant validly agreed in writing to be sentenced as an habitual offender. Responding, the state contends that Caristi is precluded from raising this issue on appeal because (1) it is not cognizable in this collateral proceeding as this issue could have been raised on direct appeal, and (2) Caristi did not present this issue to the trial court at the sentencing hearing. A defendant's knowing waiver of the procedural rights accorded by section 775.084 precludes any relief from the trial court's failure to strictly follow the statute. Jefferson v. State, 571 So.2d 70 (Fla. 1st DCA 1990). Thus, if Caristi signed the written plea agreement with knowledge that he was to be sentenced as a habitual felony offender, he cannot now be heard to complain on this basis. Even if he signed the agreement without reading it and understanding its consequences, we agree with the state, for the reasons previously expressed, that this issue is not properly presented to us for review on this appeal. Our ruling in this regard is without prejudice to appellant's right to file a properly framed rule 3.850 motion for relief due to ineffective assistance of counsel.

III.
Finally, Caristi argues that section 775.084 as enacted in 1988 is unconstitutional on various grounds. We reject all of these arguments. Appellant is procedurally barred from raising these arguments on this appeal because they were not raised before the trial court. Lee County Oil Co. v. Marshall, 98 So.2d 510 (Fla. 1st DCA 1957). Moreover, these constitutional arguments have repeatedly been held to lack any merit. See, e.g., Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990); Love v. State, 569 So.2d 807 (Fla. 1st DCA 1990); Roberts v. State, 559 So.2d 289 (Fla. 2d DCA), cause dismissed, 564 So.2d 488 (Fla. 1990); King v. State, 557 So.2d 899 (Fla. 5th DCA), rev. denied, 564 So.2d 1086 (Fla. 1990).
AFFIRMED.
ERVIN, J., concurs.
NIMMONS, J., concurs in result, with opinion.
NIMMONS, Judge, concurring in result.
I would affirm the trial court's denial of the defendant's motion to withdraw his plea. However, I would not speculate on whether the defendant would have a viable 3.850 motion based upon ineffective assistance of counsel or otherwise.
NOTES
[1] Rule 11, Fed.R.Crim.P. That rule contains requirements similar to Florida rule 3.172 governing the acceptance of a plea of guilty or nolo contendere.