«TOANOS, Chief Judge.
Appellant challenges his sentence as an habitual felony offender, contending that under the 1988 statute applicable to this cause, out-of-state convictions cannot be relied upon to establish predicate convictions subjecting an offender to habitual offender sentencing. The state concedes that the sentencing disposition in this case is contrary to this court’s decision in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991). We reverse and remand for resentencing.
The record reflects that the predicate convictions relied upon to support habitual felony offender sentencing consisted of two Alabama convictions occurring on June 14, 1989, and November 7, 1988, and multiple Florida convictions occurring on June 20, 1987. In Parrish v. State, 571 So.2d 97, 98 (Fla. 1st DCA 1990), the court determined:
To be deemed a habitual felony offender, the 1988 habitual offender statute necessitates an initial finding that the defendant has “previously been convicted of two or more felonies in this state.” § 775.084(l)(a)l, Fla.Stat. (Supp.1988). Although the statute contains additional requirements which permit the use of out-of-state convictions, the state’s failure to establish the first requirement forecloses the possibility of habitual offender classification.
Accord Flewelling v. State, 576 So.2d 742 (Fla. 1st DCA 1991).
The convicted offense in this case occurred on June 6, 1989. Therefdre, pursuant to Parrish and Flewelling, appellant could be sentenced as an habitual felony offender only upon proof of two or more prior felony convictions in this state. When the Alabama convictions are removed from consideration, appellant does not meet the criteria for habitual offender sentencing — since his prior Florida felony convictions occurred on the same date, June 20, 1987. See Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), review pending, Supreme Court Case No. 77,751.
Accordingly, appellant’s sentence as an habitual felony offender is vacated, and the cause is remanded for resentencing.
ERVIN, J., and WENTWORTH, Senior Judge, concur.
ON MOTION FOR CERTIFICATION
PER CURIAM.
We grant the state’s request to certify as a question of great public importance, the certified question in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), review pending, 595 So.2d 22, Supreme Court No. 77,751. Accordingly, we certify the following as a question of great public importance:
Whether Section 775.084(l)(a)l, Florida Statutes (1988 Supp.) which defines habitual felony offenders as those who have “previously been convicted of two or more felonies in this state or other qualified offenses,” requires that each of the felonies be committed after conviction for the immediately previous offense?
JOANOS, C.J., ERVIN, J„ and WENTWORTH, Senior Judge, concur.