593 So.2d 588 (1992)
Marco BASILISCO, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1229.
District Court of Appeal of Florida, First District.
February 7, 1992.
*589 Marco Basilisco, appellant pro se.
Robert A. Butterworth, Atty. Gen. and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Marco Basilisco has appealed from the summary denial of his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm.
In March 1989, Basilisco pled nolo contendere to grand theft auto. He was sentenced to 5 years incarceration as an habitual offender. Basilisco thereafter filed the instant 3.850 motion, alleging that the trial court failed to make the findings required by sections 775.084(1)(a) and 775.084(3)(d), Florida Statutes (1989). The trial court summarily denied the motion, and attached a copy of the plea and sentencing transcript.
The classification of a defendant as an habitual offender without making the findings required by section 775.084(1)(a) is reversible error, even in the absence of objection. Rolle v. State, 586 So.2d 1293 (Fla. 4th DCA 1991). The transcript attached by the trial court does not reflect that such findings were made herein. However, this court has held that "[a] defendant's knowing waiver of the procedural rights accorded by section 775.084 [by entering into a plea agreement with knowledge that he was to be sentenced as a habitual felony offender] precludes any relief from the trial court's failure to strictly follow the statute." Caristi v. State, 578 So.2d 769, 774 (Fla. 1st DCA 1991).
Because the initial review of the transcript herein did not appear to show that Basilisco agreed to habitual offender classification as a part of his plea agreement, this court requested a response from the Attorney General pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986). After reviewing that response, and further study of the transcript, it is clear that Basilisco did indeed enter the plea with full knowledge that he was to be sentenced as a habitual felony offender as a part of his bargain. The motion herein was therefore correctly denied, and we affirm.
JOANOS, C.J., and SHIVERS and ZEHMER, JJ., concur.