PER CURIAM.
William James Simmons has appealed from sentencing as an habitual violent felony offender, occurring after he entered a plea of nolo contendere to ten non-violent felony charges. The state has moved to dismiss Simmons’ appeal for lack of jurisdiction based on his nolo plea. We deny the motion to dismiss, and remand for correction of the sentencing documents.
As part of his plea agreement, Simmons agreed to a sentence of up to 35 years as an habitual felony offender, and the plea was accepted. At the subsequent sentencing proceeding, the state indicated that, because Simmons did not qualify as an habitual felony offender, it now sought habitual violent felony offender classification. Simmons declined an affirmative opportunity to withdraw his plea based on this change. The trial court adjudicated him guilty, and imposed 30-year terms for the 2d-degree felony convictions, each with a 10-year minimum mandatory term, and 10-year terms for the 3d-degree felony convictions, each with a 5-year minimum mandatory term.
Simmons appealed, raising the validity of his sentencing as an habitual violent felony offender. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), averring that prior case law forecloses good faith argument of error with regard to that issue. However, he points out that the sentencing documents indicate that Simmons’ minimum mandatory terms were based on conviction for drug trafficking, with which he was not charged. The state moves to dismiss for lack of jurisdiction, arguing that Simmons’ appeal is foreclosed by his nolo contendere plea. See § 924.06(3), Fla.Stat. (a defendant who pleads nolo contendere with no express reservation of the right to appeal shall have no right to a direct appeal).
We deny the motion to dismiss. A defendant can maintain a direct appeal, despite entering a nolo plea, if he raises issues occurring at the time the plea is entered, including a question as to the legality of the sentence. Ford v. State, 575 So.2d 1335, 1337 (Fla. 1st DCA 1991). Here, Simmons’ appeal raises the issue of the legality of his sentence on two grounds, to wit: 1) the propriety of his classification as an habitual violent felony offender, and 2) the imposition of minimum mandatory terms for an offense with which he was not charged and of which he was not convicted. Therefore, we find that, under Ford, we have jurisdiction to entertain Simmons’ appeal, and deny the motion to dismiss.
On the merits of the appeal, we must agree with appellate counsel that there was no error in the imposition of the habitual violent felony offender sentences filed herein. See, e.g., Ross v. State, 579 *1158 So.2d 877 (Fla. 1st DCA 1991) (upholding violent habitual offender sentence for nonviolent crimes); but see, Tillman v. State, 586 So.2d 1269 (Fla. 1st DCA 1991) (similarly affirmed, but certified a question regarding the possible violation of a defendant’s due process rights when he is sentenced as a violent felony offender for a present, nonviolent offense).
However, the issue of the erroneous written sentencing documents presents potentially reversible error, in that enhancement of a sentence based on a crime not charged or proved would be patently illegal. Further examination of the documents shows that, in addition to the erroneous indication, the trial court stated a valid basis for the minimum mandatory terms, namely sections 775.084(4)(b)2. and 3., Florida Statutes:
The court may sentence the habitual violent felony offender ... [i]n the case of a felony of the second degree for a term of years not exceeding'30, and such offender shall not be eligible for release for 10 years. In the case of a felony of the third degree, for a term of years not exceeding 10, and such offender shall not be eligible for release for 5 years.
Therefore, we find that the additional indication that Simmons received the minimum mandatory terms for a drug trafficking conviction was merely a scrivener’s error. On remand, the sentencing documents shall be corrected to eliminate the indication of a drug trafficking conviction as a basis for the minimum mandatory terms. The sentences imposed herein are otherwise affirmed.
ON MOTION FOR CERTIFICATION
Appellee’s motion for certification is granted. We hereby certify the same questions certified to the Supreme Court in Tillman v. State, 586 So.2d 1269 (Fla. 1st DCA 1991), review pending Case No. 78,-715.
JOANOS, C.J., and ERVIN and MINER, JJ., concur.