609 So.2d 730 (1992)
Thad McGillery BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3048.
District Court of Appeal of Florida, First District.
December 4, 1992.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant seeks review of his sentence as an habitual felony offender, asserting the evidence introduced at the sentencing hearing was legally insufficient to support the trial court's finding that he qualified as an habitual felony offender. The state seeks dismissal, urging the court lacks subject matter jurisdiction, because appellant pled nolo contendere without reservation of right to appeal. Alternatively, the state urges dismissal on the ground that appellant did not raise the instant issue at the sentencing proceeding. We deny the motion to dismiss, and reverse and remand for resentencing.
In July 1989, appellant pled no contest to possession of cocaine and drug paraphernalia, and driving with a suspended license. He was adjudicated guilty and placed on community control for sixty days, to be followed by a probationary term of four *731 and one-half years. In August 1990, an affidavit of violation of probation was filed against appellant, alleging he committed grand theft and driving under the influence. In September 1990, appellant was charged by information with the commission of two counts of grand theft in March 1990. Pursuant to a plea agreement, appellant pled no contest to violation of probation and to the two counts of grand theft, in exchange for a sentence of four and one-half years as an habitual felony offender, with no probation.
At sentencing on September 14, 1990, the state offered evidence that appellant had a 1976 North Carolina conviction for breaking and entering. The trial court found appellant met the criteria for habitual felony offender sentencing, on the basis of the 1989 Florida conviction, and the 1976 North Carolina conviction. The trial court further found that neither conviction had been set aside, and appellant had not received a pardon on either offense. When appellant asked whether he could be sentenced to a straight sentence rather than as an habitual felony offender, the trial court advised that sentence would be imposed in accordance with the plea agreement. Appellant was adjudicated guilty and sentenced to concurrent terms of four and one-half years as an habitual felony offender, for the two counts of grand theft. His probation for the 1989 possession offenses was revoked, and he was sentenced to a three and one-half year non-habitual offender term of incarceration for the possession charge, the sentence to run concurrently with the habitual offender sentences.
Appellant contends he should not have been sentenced as an habitual felony offender, because his North Carolina conviction did not constitute a valid prior conviction at the time the sentence was imposed. We agree. The habitual offender statute, section 775.084, Florida Statutes, was amended in 1989, to authorize classification as an habitual felon for two prior felonies committed in this state or qualified offenses of any other jurisdiction.[1] Under the pre-amended version of the statute, habitual felony offender sentencing required an initial finding that the "defendant has previously been convicted of two or more felonies in this state." See § 775.084(1)(a)1, Fla. Stat. (1987) (emphasis supplied). See also Flewelling v. State, 576 So.2d 742 (Fla. 1st DCA 1991); Parrish v. State, 571 So.2d 97, 98 (Fla. 1st DCA 1990).
The legislative act which amended the prior habitual felony offender law was found to be constitutionally infirm during the period of time within which appellant committed the offenses for which habitual felony offender sentencing was imposed. See Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), review pending, S.Ct. No. 79, 204. In Johnson, which was decided after the sentencing in this case, the court held that Chapter 89-280, Laws of Florida, which amended section 775.084, violated the single subject rule of the Florida Constitution. See Art. III, § 6, Fla. Const. The time period of the questioned validity of the statute is from the October 1, 1989, effective date of the 1989 amendments to the habitual offender provisions, and the July 1, 1991, effective date of their reenactment as part of the Florida Statutes. See Ch. 91-44, Laws of Fla.
*732 If the offense for which an habitual offender sentence is to be imposed occurred between October 1989 and July 1, 1991, the time frame within which the constitutionality of the habitual offender law is in question, the offender cannot be sentenced as an habitual offender unless he or she meets the criteria for habitual offender under the pre-amended version of the statute. See King v. State, 585 So.2d 1199 (Fla. 1st DCA 1991). In other words, as a predicate for habitual offender sentencing as it existed before the 1989 amendments, the state was required to establish that the offender had two or more prior Florida convictions.
In the instant case, the offenses for which appellant was being sentenced were committed in March 1990, within the window of time that the constitutionality of the 1989 amended version of the habitual offender statute is in question. The convictions relied upon for imposition of habitual felony offender sentencing were the 1989 Florida conviction and the 1976 North Carolina conviction. Since these prior convictions did not meet the threshold requirement of two or more previous felony convictions in this state, see § 775.084(1)(a)1, Fla. Stat. (1987), appellant did not qualify for habitual offender sentencing under the pre-amended statute.
The state recognizes that, in light of the court's decision in Johnson, appellant has raised a valid challenge to his habitual felony offender sentence. Nevertheless, the state seeks dismissal on procedural grounds, arguing that the court lacks subject matter jurisdiction because appellant pled nolo contendere without reservation. The state also urges that appellant did not raise the single subject issue before the trial court, so is precluded from raising the issue on appeal. We reject both arguments for dismissal. With respect to the jurisdictional question, one who pleads nolo contendere or guilty without an express reservation of right to appeal, is not barred from maintaining a direct appeal on the following limited class of issues which occur contemporaneously with entry of the plea: (1) subject matter jurisdiction, (2) illegality of the sentence, (3) government's failure to abide by the terms of the plea bargain, and (4) voluntary and intelligent character of the plea. Robinson v. State, 373 So.2d 898, 902 (Fla. 1979). see also Simmons v. State, 596 So.2d 1156 (Fla. 1st DCA 1992); Pyle v. State, 596 So.2d 744 (Fla. 1st DCA 1992); Ford v. State, 575 So.2d 1335, 1337 (Fla. 1st DCA), review denied, 581 So.2d 1310 (Fla. 1991). Further, a criminal defendant cannot, by virtue of a plea bargain, confer upon a court the authority to impose an illegal sentence. Larson v. State, 572 So.2d 1368, 1370 (Fla. 1991). Consequently, the fact that appellant's sentences as an habitual offender were the result of a plea bargain would not preclude him from contesting the legality of the sentence. With respect to the state's argument that a single subject challenge cannot be raised for the first time on appeal, this point was addressed definitively in Claybourne v. State, 600 So.2d 516 (Fla. 1st DCA 1992), and decided adversely to the state's position.
Although neither party to this appeal has suggested a potential for conflict between the decision we reach here and this court's prior decisions in Basilisco v. State, 593 So.2d 588 (Fla. 1st DCA 1992) and Jefferson v. State, 571 So.2d 70 (Fla. 1st DCA 1990), we find it appropriate to provide a brief explanation of the reasons these decisions do not control the outcome of this case. At the outset, the instant case is a direct appeal from imposition of habitual felony offender sentencing. Here, the habitual felony offender sentence is reversed because the predicate offenses were committed within the time period the habitual felony offender statute is in question, and appellant does not qualify as an habitual felony offender under the pre-amended version of the statute. Because appellant's prior record does not satisfy the statutory criteria for sentencing as an habitual felon, he could not, through a plea bargain, confer upon the court the authority to impose an illegal sentence. Larson v. State, 572 So.2d 1368, 1370 (Fla. 1991).
Basilisco was an appeal from denial of a motion for post-conviction relief, in which Basilisco alleged the trial court failed to *733 make the findings required by sections 775.084(1)(a) and 775.084(3)(d), Florida Statutes (1989). The opinion relied upon the holding in Caristi v. State, 578 So.2d 769, 774 (Fla. 1st DCA 1991), that a defendant's knowing waiver of the procedural rights available under section 775.084, by entering into a plea agreement for an habitual offender sentence, precludes post-conviction relief for failure to follow the requirements of the statute. After obtaining a brief from the state pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), the court concluded that Basilisco entered the plea with full knowledge that habitual offender sentencing was a part of the plea bargain.
Jefferson, like the instant case, was a direct appeal from habitual felony offender sentencing. In Jefferson, the defendant challenged the trial court's failure to hold a separate hearing to determine his status as an habitual felon. The record established that Jefferson freely, voluntarily, and knowingly stipulated that he was an habitual felon and agreed to be sentenced as such.
Both Jefferson, and Basilisco, were decided on the basis of the defendant's knowing waiver of the procedural rights set forth in the habitual offender statute. There is nothing in the recitation of facts in either opinion to suggest that the respective defendants did not qualify as habitual felony offenders, i.e., that their prior records did not satisfy the statutory criteria. In contrast, this case concerns the legality of habitual offender sentencing. The trial court's findings in this case establish clearly that appellant does not qualify as an habitual felon under the pre-1989 version of section 775.084.
As we did in Johnson and Claybourne, we certify the following question to the Florida Supreme Court as a question of great public importance:
WHETHER THE CHAPTER 89-280 AMENDMENTS TO SECTION 775.084, FLORIDA STATUTES (SUPP. 1988), WERE UNCONSTITUTIONAL PRIOR TO THEIR RE-ENACTMENT AS PART OF THE FLORIDA STATUTES, BECAUSE IN VIOLATION OF THE SINGLE SUBJECT RULE OF THE FLORIDA CONSTITUTION.
Accordingly, appellant's habitual felony offender sentences are reversed, and the cause is remanded for resentencing. The state's motion to dismiss is denied.
SHIVERS and WIGGINTON, JJ., concur.
NOTES
[1] § 775.084(1)(a), Fla. Stat. (1989), provides:

(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
3. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this section; and
4. A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.