622 So.2d 552 (1993)
Roosevelt BRISTER, a/k/a James Brooker, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-865.
District Court of Appeal of Florida, Third District.
August 3, 1993.
Rehearing Denied September 7, 1993.
Roosevelt Brister, a/k/a James Brooker, in pro. per.
Robert A. Butterworth, Atty. Gen., for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.
PER CURIAM.
Defendant has standing to challenge his sentence because the date on *553 which his offense was committed falls between October 1, 1989 and May 2, 1991, the time established in State v. Johnson, 616 So.2d 1 (Fla. 1993) where the habitual violent felony offender statute, as amended, was determined to be unconstitutional as violative of the single subject rule.
In the instant case, the transcript is clear that defendant agreed to his plea fully aware that he was being sentenced as an habitual violent felony offender. It is true that a criminal defendant cannot by virtue of a plea bargain confer upon a court the authority to impose an illegal sentence. Larson v. State, 572 So.2d 1368, 1370 (Fla. 1991). At the same time, when an amendment to a statute is declared unconstitutional, the statute as it existed prior to amendment remains effective. Miffin v. State, 615 So.2d 745 (Fla. 2d DCA 1993). Here, the state proffered to the court that the defendant had nine prior felonies. Thus, defendant met the criteria for habitual offender status under the preamended version of the statute, Brown v. State, 609 So.2d 730 (Fla. 1st DCA 1992), review denied, 618 So.2d 1369 (Fla. 1993) and the agreement was a valid plea negotiated by the defendant with full knowledge that he was being sentenced as an habitual offender as a part of his bargain struck with the state. Basilisco v. State, 593 So.2d 588 (Fla. 1st DCA 1992).
Accordingly, the order under review is affirmed.