623 So.2d 1230 (1993)
Alvin Louis MARSHALL, Appellant,
v.
STATE of Florida, Appellee.
No. 92-126.
District Court of Appeal of Florida, First District.
September 14, 1993.
David L. Dees, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, Alvin Louis Marshall, was charged with numerous criminal offenses in fourteen cases in Escambia County, Florida, committed during the period from December 1987 to December 1990. He pled nolo contendere to those charges, was adjudicated guilty and received enhanced sentences as an habitual felony offender. Marshall challenges his sentences on the grounds that (1) the habitual felony offender statute, section 775.084, Florida Statutes, violates appellant's rights to due process and equal protection, (2) the amendments to the habitual felony offender statute contained in Chapter 89-280, Florida Laws (1989), violate the single subject requirement of article III, section 6 of the Florida Constitution, and (3) his sentence is illegal because he does not have sufficient predicate convictions to qualify as an habitual offender.
We reverse Marshall's sentences based on the second two issues. Marshall's first contention that the habitual offender statute violates due process or equal protection has been rejected numerous times. Merriweather v. State, 609 So.2d 1299 (Fla. 1992); Tillman v. State, 609 So.2d 1295 (Fla. 1992); Ross v. State, 601 So.2d 1190 (Fla. 1992); Murphy v. State, 616 So.2d 1100 (Fla. 1st DCA 1993); Hodges v. State, 596 So.2d 481 (Fla. 1st DCA 1992), quashed on other grounds, 616 So.2d 994 (Fla. 1993); Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA 1991), approved, 616 So.2d 9 (Fla. 1993); Wilson v. State, 574 So.2d 1170, 1171 (Fla. 1st DCA), rev. denied, 583 So.2d 1038 (Fla. 1991); Smith v. State, 567 So.2d 55 (Fla. 2d DCA 1990), rev. denied, 576 So.2d 291 (Fla. 1991); Arnold v. State, 566 So.2d 37 (Fla. 2d DCA 1990), rev. denied, 576 So.2d 284 (Fla. 1991); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), rev. *1231 denied, 576 So.2d 284 (Fla. 1990); Roberts v. State, 559 So.2d 289 (Fla. 2d DCA 1990), cause dismissed, 564 So.2d 488 (Fla. 1990); King v. State, 557 So.2d 899 (Fla. 5th DCA), rev. denied, 564 So.2d 1086 (Fla. 1990).
Marshall correctly asserts that amendments to the habitual felony offender statute found in chapter 89-280, Laws of Florida, violate the single subject rule. The Florida Supreme Court in State v. Johnson, 616 So.2d 1 (Fla. 1993), recently held that "chapter 89-280 violates article III, section 6, of the Florida Constitution." The court noted that chapter 91-44's biennial reenactment of chapter 89-280, effective May 2, 1991, cured the single subject violations as it applied to all defendants sentenced under section 775.084 whose offenses were committed after that date. The court acknowledged that resentencing would be required for individuals whose sentence was affected by the amendments to section 775.084 contained in chapter 89-280 and whose offense was committed before May 2, 1991. Appellant fell within the class of individuals entitled to resentencing. All of appellant's cases involved offenses occurring before the May 2, 1991 reenactment date of chapter 89-280. Moreover, appellant was directly affected by the amendments contained in chapter 89-280. The amendments expanded the definition of habitual felony offender from those defendants who committed two felonies in this state to include defendants with "other qualified offenses." The only predicate offenses disclosed by this record occurred outside of the state. No prior felonies in Florida appear. Marshall therefore would not qualify as a habitual felony offender under the preamended version of the statute. See Brown v. State, 609 So.2d 730 (Fla. 1st DCA 1992).
In light of our reversal of the sentences based on appellant's second issue, we must also reverse on the third issue, the illegality of appellant's sentence. The fact that defendant's sentence as a habitual offender was the result of a plea bargain does not preclude him from contesting the legality of his sentence. Brown v. State, supra. As this court held in Brown:
One who pleads nolo contendere or guilty without an express reservation of right to appeal, is not barred from maintaining a direct appeal on the following limited class of issues which occur contemporaneously with entry of the plea: (1) subject matter jurisdiction, (2) illegality of the sentence, (3) government's failure to abide by the terms of the plea bargain, and (4) voluntary and intelligent character of the plea... . Further, a criminal defendant cannot, by virtue of a plea bargain, confer upon a court the authority to impose an illegal sentence... . Consequently, the fact that appellant's sentences as an habitual offender were the result of a plea bargain would not preclude him from contesting the legality of the sentence.
609 So.2d at 732 [citations omitted].
In Brown, we distinguished the situation in which a defendant contests the illegality of his sentence after entering a plea bargain or nolo contendere plea from Basilisco v. State, 593 So.2d 588 (Fla. 1st DCA 1992), and Jefferson v. State, 571 So.2d 70 (Fla. 1st DCA 1990), cases in which the court found a defendant knowingly waived the procedural rights available under section 775.084 by entering into a plea agreement for an habitual offender sentence. We noted that nothing in the recitation of facts in either Jefferson or Basilisco suggests that the respective defendants did not qualify as habitual felony offenders, i.e., that their prior records did not satisfy the statutory criteria. In contrast, this case, like Brown, concerns the legality of habitual offender sentencing.
Accordingly, we VACATE appellant's habitual felony offender sentence and REMAND for further proceedings. On remand, the trial court may reimpose an enhanced sentence upon the state's producing sufficient evidence to allow proper findings pursuant to the habitual offender statute in effect before May 2, 1991. Alternatively, the state may agree to a reduction of the sentence to a legal term. If the state does not elect either of those options, the trial court should permit appellant to withdraw his plea and proceed to trial. Forbert v. State, 437 So.2d 1079 (Fla. 1983); Ruiz v. State, 537 So.2d 682 (Fla. 3d DCA 1989). Cleveland v. State, 394 So.2d 230 *1232 (Fla. 5th DCA 1981); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
JOANOS, KAHN and MICKLE, JJ., concur.