PER CURIAM.
This appeal arises from an order of the lower court summarily denying Appellant’s motion for post-conviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. Of the five grounds for relief raised in the motion, only one requires discussion here.
Appellant claims that he was denied effective assistance of counsel because defense counsel allowed him to enter a guilty plea to 17 additional counts of uttering a forged instrument which were never formally charged by the State. See, e.g., Caristi v. State, 578 So.2d 769 (Fla. 1st DCA 1991) (defense counsel ineffective where alleged that he failed to inform defendant under Rule 3.171, Florida Rules of Criminal Procedure, the result of which was the signing of a plea agreement *111 that did not accurately reflect the negotiated plea); Rackley v. State, 571 So.2d 533 (Fla. 1st DCA 1990). Since the motion and the lower court’s attachment do not conclusively show that Appellant is not entitled to relief on this ground, we reverse and remand for further proceedings under Rule 3.850, Florida Rules of Criminal Procedure.
The lower court’s denial of relief on the remaining grounds raised is affirmed.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.