PER CURIAM.
Eric James challenges the denial of his motion to withdraw his plea. The trial court treated the motion as one filed pursuant to Florida Rule of Criminal Procedure 3.170(f) and denied it based on the facial insufficiency of the motion and the thoroughness of the plea colloquy. This attempt to withdraw a plea after sentencing should have been considered as a Florida Rule of Criminal Procedure 3.850 motion. Because James failed to allege detailed facts entitling him to relief pursuant to rule 3.850, we affirm, but for reasons which differ from those of the trial court.
On October 10, 1996, James entered a guilty plea to a new felony and admitted that this crime would constitute a violation of previously imposed supervision in cases which are not the subject of his motion. The court imposed prison sentences on both the new charge and the older eases for which his probation was revoked. James’ motion alleged simply that his plea had been involuntarily entered, borrowing general language from Yesnes v. State, 440 So.2d 628 (Fla. 1st DCA 1983).[1]
The trial court treated the motion as filed pursuant to Florida Rule of Criminal Procedure 3.170(f), and distinguished Yesnes which interpreted that rule. That rule of criminal procedure governs the withdrawal of pleas entered before sentencing, and vests in the trial judge more latitude in vacating pleas than is permitted after the judgment and sentence have been entered. The motion filed by James, after the work of the criminal trial judge had been concluded, should properly have been treated as a motion filed pursuant to Florida Rule of Criminal Procedure 3.850, for which it would have been subject to dismissal for failing to conform to the procedural requirements of that rule. The discretion vested in trial courts under rule 3.170(f) to allow a criminal defendant to withdraw an earlier entered plea does not obtain after sentencing, when pleas are attacked through the use of rule 3.850, where involuntariness is required by the express terms of the rule and the decisional law interpreting it. See, e.g., Wilson v. State, 593 So.2d 1216 (Fla. 2d DCA 1992).
The court in its order denying the motion makes reference to the plea colloquy, which it characterizes as “thorough,” and to a written plea form. We note from reviewing the transcript of the plea and sentencing that it is impossible to discern the crime to which James was pleading, the maximum sentence he faced, and the rights relinquished by entering the plea. We recognize that, absent facially sufficient, sworn allegations of involuntariness, deficiencies in a plea colloquy will not alone sustain a collateral attack upon a plea and conviction. Caristi v. State, 578 *1196 So.2d 769 (Fla. 1st DCA 1991). However, we call the attention of trial judges to Judge Zehmer’s incisive discussion of written plea agreements in Caristi Judge Zemmer points out the danger of relying on these out-of-court documents as substitutes for compliance with the requisites of Florida Rule of Criminal Procedure 3.172(c), and demonstrates the vulnerability of some pleas which would be immune to attack had the trial court followed the dictates of the rule and conducted the inquiry that rule requires.
The trial court correctly concluded that James’ boilerplate claim failed to allege facts sufficiently specific to require relief under rule 3.170(f). James’ motion also fails to allege facts detailed enough to warrant relief under the stricter requirement of rule 3.850 which governs motions to withdraw pleas filed after sentencing. Accordingly, we affirm.
Affirmed.
CAMPBELL, A.C.J., and BLUE and QUINCE, JJ., concur.

. The motion recites language identical to that cited in Yesnes v. State, 440 So.2d 628 (Fla. 1st DCA 1983) (quoting from Baker v. State, 408 So.2d 686, 687 (Fla. 2d DCA 1982), which identities conditions which may vitiate the voluntariness of a plea, including "weakness, mistake, surprise, misapprehension, fear, promises or other circumstances affecting the defendant’s rights.”).