CAMPBELL, Acting Chief Judge.
The State challenges the trial court order that granted appellee’s motion for postcon-viction relief and allowed him to withdraw his plea. The court found that appellee’s plea had been involuntarily entered because, when appellee had earlier changed his plea from not guilty to an open guilty plea, the trial judge did not conduct a plea colloquy as required by Florida Rule of Criminal Procedure 8.172. While it is true that a proper plea colloquy was not conducted, appellee has already raised, albeit unsuccessfully, the sufficiency of his plea in both a postplea motion and in a prior appeal. As such, appellee is barred from collaterally raising the issue again, having failed to allege or attempt to show prejudice that would have caused him not to plead as he did.
In July 1991, appellee was charged with second degree murder in the death of his parents’ neighbor. He initially pled not guilty, but on October 14, 1991, entered an open guilty plea on the advice of his attorney. The trial judge conducted no plea colloquy. While the transcript of the change-of-plea hearing is in the record, the actual written, signed guilty plea is not. The court adjudicated appellee and sentenced him to a guidelines sentence of twenty-two years in prison with a three-year minimum mandatory term. Appellee moved, prior to his appeal, to withdraw his plea and to correct sentence. Those motions were denied. Appellee never attempted in any of his previous motions or in his prior appeal to allege or demonstrate prejudice that resulted in his plea.
In 1992, appellee then appealed the court’s denial of his motion to withdraw his plea and to correct sentence. In the Anders brief that was filed, the public defender argued that the motion to withdraw the plea was facially insufficient because it only raised mitigation of sentence and did not raise the insufficiency of the plea colloquy. The public defender specifically noted the court’s failure to conduct the plea colloquy. In that appeal, ap-pellee here, appellant there, filed a pro se brief in which he raised the issue of the lack of a plea colloquy, but again, did not attempt to demonstrate prejudice that resulted in his plea. This court issued a PCA.
Appellee then moved for postconviction relief on the grounds, again, that his plea was involuntary, that trial counsel was ineffective, that the plea colloquy was inadequate, and that the guidelines sentence was illegal. Again, he failed to allege or demonstrate prejudice that resulted in his plea. The court granted the petition, finding that appel-lee had entered an open plea without sentencing negotiations, that appellee was never sworn in the court, that no plea colloquy occurred at all, that due to the absence of negotiations Caristi v. State, 578 So.2d 769 (Fla. 1st DCA 1991), did not control, and that it was incumbent on the sentencing judge to ensure that a defendant entering an open plea knows of all the rights afforded to him and all the rights he is waiving and that the waiver of same is intelligent, knowing, and voluntary.
However, since the adequacy of appellee’s plea was, in fact, raised on direct appeal and previous motions directed toward his plea and sentence without ever alleging or attempting to demonstrate prejudice that *587 would abrogate the validity of his plea, even if Caristi is inapplicable, we conclude appel-lee has waived further collateral consideration of the propriety of his plea. See Lopez v. Singletary, 634 So.2d 1054 (Fla.1993). We reverse.
LAZZARA and WHATLEY, JJ., concur.