PER CURIAM.
The defendant, Hurshel Ross Dodd, was indicted for murder in the first degree. A verdict was returned finding the defendant guilty without a recommendation of mercy. He was adjudged guilty and sentenced to death. This appeal is prosecuted from the sentence and judgment.
The principal question presented is whether in the trial of the defendant there was sufficient compliance with the mandatory provisions of Section 918.05 F.S. 1967, F.S.A. relating to a view by the jury of the automobile involved in the alleged crime as construed by this Court in McCollum v. State, Fla. 1954, 74 So.2d 74.
Both the State and the defendant concede that the following is an accurate portrayal of the events of the trial relating to this matter:
MR. SLAUGHTER: Now, at this time, Your Honor, the State moves the Court to allow the Jury to view the Thunderbird. It is parked on the public square in front of the Courthouse. So, we move that the Jury be excused to view the vehicle at this time.
MR. AVRIETT: We object, Your Honor. The State cannot show it is in the same condition now as it was at that time. It could not possibly be.
MR. SLAUGHTER: We can show the condition except the woman tried to wash it. That is the only difference. That testimony was brought before the Jury.
COURT: There was testimony.
MR. AVRIETT: I understand his daughter drove it from Tennessee back down here.
MR. EDWARDS: It was in possession of the law. I believe the Sheriff testified to that.
MR. AVRIETT: I don’t believe it is admissible. I have to protect the Defendant’s rights. I don’t think that would be proper.
*667 MR. EDWARDS: The testimony by Mrs. Lookadoo is it is the same as when she received it andi the Sheriff said it was the same as when he received it.
MR. AVRIETT: It could not be after being driven from Tennessee to Florida.
COURT: Who will point this out to the Jury?
MR. SLAUGHTER : Nobody, Your Hon- or. They will merely observe it. I think it would be improper to point out anything at the scene of the automobile.
COURT: Does somebody know where it is ? I don’t know how many Thunder-birds are out there.
MR. SLAUGHTER: The Sheriff will tell which vehicle it is.
COURT: All right, I will permit the Jury to see this vvehicle as pointed out by the Sheriff. All right, Gentlemen. You may go and look at it. (Jurors departed from Courtroom and down the stairs.)
MR. AVRIETT: Now, I want to make an additional ground, making the Jurors witness it. (At this point remaining in the Courtroom were Counsel for the State, Mr. Slaughter and Mr. Edwards, Counsel for the Defendant, the Defendant, the Court, and the Court Reporter.)
(At this point the reporter walked to a window in the Courtroom on the second floor of the Courthouse and looked out upon the street, part of the public square, where ther e was a white Thunderbird parked, and the Jurors arrived at the vehicle and were walking around it and viewing it.)
(The reporter returned to his seat then in the Courtroom..)
MR. SLAUGHTER: Your Honor, I believe you had better go down there with the Jury arad view it also. (The Court then descended the stairs and went down to the vehicle outside the Courthouse where the Jurors were viewing the subject automobile.)
(At this point remaining in the Courtroom were Counsel for the State, Mr. Slaughter and Mr. Edwards, Counsel for the Defendant, and the Defendant, and the Court Reporter.)
(The Court and the Jurors returned to the Courtroom) (Jury present).”
There is no occasion to rediscuss the decision of the Court in McCollum v. State. The failure of the trial judge to follow the requirements of this decision leaves no alternative in this Court except to reverse the sentence and judgment of conviction and remand the cause for a new trial. This disposition of the case makes it unnecessary to discuss the other points raised.
Reversed and remanded for a new trial.
CALDWELL, C. J., and DREW, THOR-NAL and ADAMS, JJ., concur.
ROBERTS, J., dissents with Opinion.
ERVIN, J., dissents with Opinion and agrees with ROBERTS, J.