549 So.2d 996 (1989)
STATE of Florida, Petitioner,
v.
Jerome SINGLETARY, Respondent.
No. 73223.
Supreme Court of Florida.
August 31, 1989.
Rehearing Denied November 1, 1989.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott and Michael J. Neimand, Asst. Attys. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, Miami, for respondent.
McDONALD, Justice.
The district court in this case, Singletary v. State, 543 So.2d 755, 756 (Fla. 3d DCA 1988), certified the following question of great public importance:
MAY THE DEFENDANT'S RIGHT TO HAVE THE TRIAL JUDGE PRESENT *997 DURING THE VOIR DIRE OF PROSPECTIVE JURORS BE VALIDLY WAIVED BY HIS ATTORNEY, OR MUST THE DEFENDANT PERSONALLY WAIVE SUCH RIGHT?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We hold that, for this case and all those cases preceding this case, it is unnecessary for the defendant to join in his counsel's waiver of the judge's presence during voir dire of prospective jurors. For all those cases in which a jury is selected after this opinion is final the trial judge's presence during voir dire may not be waived.
The state charged Singletary with burglary, grand theft, and unlawful possession of a firearm by a convicted felon. Defense counsel waived Singletary's right to the trial judge's presence at voir dire, while Singletary remained silent. The jury then found Singletary guilty of burglary and petit theft, and the district court reversed the judgment of conviction and certified the question set out above.
The fifth amendment to the United States Constitution states that an accused in a criminal proceeding is entitled to the assistance of counsel. Any defendant who faces the possibility of incarceration must be provided the services of a lawyer if he cannot afford one. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). It is axiomatic that these services are deemed essential because of the lawyer's training and expertise. During the course of a criminal trial, defense counsel necessarily makes many tactical decisions and procedural decisions which impact upon his client. It is impractical and unnecessary to require an on-the-record waiver by the defendant to anything but those rights which go to the very heart of the adjudicatory process, such as the right to a lawyer, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), or the right to a jury trial. Fla.R.Crim.P. 3.260. The defendant may even waive the right to testify without personally having to express his intent on the record. Torres-Arboledo v. State, 524 So.2d 403 (Fla.), cert. denied, ___ U.S. ___, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988). As noted by former Chief Justice Burger:
Once counsel is appointed, the day-to-day conduct of the defense rests with the attorney. He, not the client, has the immediate  and ultimate  responsibility of deciding if and when to object, which witnesses, if any, to call, and what defenses to develop. Not only do these decisions rest with the attorney, but such decisions must, as a practical matter, be made without consulting the client. The trial process simply does not permit the type of frequent and protracted interruptions which would be necessary if it were required that clients give knowing and intelligent approval to each of the myriad tactical decisions as a trial proceeds.
Wainwright v. Sykes, 433 U.S. 72, 93, 97 S.Ct. 2497, 2510, 53 L.Ed.2d 594, 612 (1977) (Burger, C.J., concurring) (footnotes omitted).
Jones v. State, 484 So.2d 577 (Fla. 1986), and Roberts v. State, 510 So.2d 885 (Fla. 1987), cert. denied, 485 U.S. 943, 108 S.Ct. 1123, 99 L.Ed.2d 284 (1988), are examples of situations where defendants need not waive their rights personally. Jones was charged with aggravated battery, and defense counsel waived the right to have the jury instructed on the necessarily lesser included offense of battery, in accordance with the theory of defense that Jones had not committed the crime. After being convicted, Jones contended that no personal, knowing waiver had occurred. This Court declined to require an express personal waiver because Jones clearly had the opportunity to have the instruction given. Jones relied upon his assertion that he did not commit the act, and his counsel, as a matter of strategy, properly waived the lesser included charge.
Roberts claimed that his counsel's waiver of the judge's presence at a jury view, mandated by section 918.05, Florida Statutes (1983), constituted fundamental and per se reversible error. This Court held that "under the circumstances present in this case ... defense counsel's express *998 waiver of the trial court's presence at the jury view was adequate." 510 So.2d at 890. The judge's presence at a jury view, a viewing of the crime scene in order to help the jury better understand the testimony, has no impact upon a defendant's fundamental constitutional right to a trial by an impartial jury.
In Koza v. State, 158 Ga. App. 709, 282 S.E.2d 131 (Ct.App. 1981), the trial judge left the courtroom during a portion of the voir dire. Noting the lack of an objection, the Georgia Court of Appeals declined to reverse the defendant's conviction because there was no showing that any prejudice resulted from the judge's absence. The Texas Court of Criminal Appeals in Bright v. State, 165 Tex.Crim. 291, 306 S.W.2d 899 (Crim.App. 1957), reached the same conclusion because there was no showing that anything occurred during the judge's absence which could have prejudiced the defendant. In Stirone v. United States, 341 F.2d 253 (3d Cir.), cert. denied, 381 U.S. 902, 85 S.Ct. 1446, 14 L.Ed.2d 284 (1965), the trial judge had not been present during the exercise of peremptory challenges. In affirming the denial of postconviction relief, the court reasoned that defense counsel's failure to object constituted "an acceptable waiver of the presence of the judge." Id. at 256.[1]
Several federal courts have faced the issue before us in the context of whether the trial judge committed reversible error by permitting voir dire to be conducted before a magistrate. The First Circuit in United States v. Rivera-Sola, 713 F.2d 866 (1st Cir.1983), and the Second Circuit in United States v. DeFiore, 720 F.2d 757 (2d Cir.1983), cert. denied, 466 U.S. 906, 104 S.Ct. 1684, 80 L.Ed.2d 158 (1984), each affirmed convictions because the defendant failed to object to the absence of the judge. In Haith v. United States, 342 F.2d 158 (3d Cir.1965), not only was the judge absent during jury selection but there was also no stenographic record of voir dire to permit review. Notwithstanding, the court affirmed the conviction on the premise that defense counsel had impliedly waived the judge's presence and that no prejudice had occurred while he was gone. The impact of these decisions is not lessened by the recent ruling of the United States Supreme Court that a magistrate cannot take the judge's place during voir dire in a federal felony trial because in that case the defendant had objected to the judge's absence. Gomez v. United States, ___ U.S. ___, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989).
Thus, at the time of Singletary's trial there was no precedential prohibition to counsel's waiving a judge's absence during voir dire. Singletary's counsel made a valid waiver of the trial judge's presence during voir dire. Singletary, therefore, is not entitled to relief, and the district court should not have reversed his conviction.
We recognize the importance of voir dire, however. The selection of a jury to try a case is the beginning of trial. State v. Melendez, 244 So.2d 137, 139 (Fla. 1971). Moreover, article I, section 16 of the Florida Constitution and the sixth amendment to the United States Constitution assure a criminal defendant of a trial by an impartial jury. A crucial function of a trial judge is to insure that a competent jury is selected. Although both parties participate in voir dire, it is ultimately the judge's responsibility to see that the constitutional mandate is followed. See Peri v. State, 426 So.2d 1021 (Fla. 3d DCA), review denied, 436 So.2d 100 (Fla. 1983). As previously stated by this Court, "[t]he selection of a jury to try a case is a work which devolves upon the court. His purpose is to secure such jurors as are qualified for jury service and who are without bias or prejudice for or against the parties in the case." Cross v. State, 89 Fla. 212, 216, 103 So. 636, 637 (1925).
There is a possibility of prejudice where the judge is absent from jury selection. *999 Jury selection is an active process involving considerable discourse between counsel and veniremen. If a party exceeds the bounds of proper examination or misstates the law, a judge can immediately alleviate the prejudice by means of a curative instruction. Peri; Romero v. State, 341 So.2d 263 (Fla. 3d DCA), cert. denied, 346 So.2d 1250 (Fla. 1977). A judge cannot fulfill this responsibility if he or she is absent.
We conclude that the practice of permitting a judge's absence during the questioning and selection of a jury should no longer continue. Because of our decisions in State v. Neil, 457 So.2d 481 (Fla. 1984) (defendant entitled to new trial because it could not be determined whether state used peremptory challenges solely on the basis of race), and State v. Slappy, 522 So.2d 18 (Fla.) (explanation for use of peremptory challenges to exclude blacks from panel insufficient to rebut inference of discrimination), cert. denied, ___ U.S. ___, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), it is more important than ever for the trial judge to be present during all parts of voir dire to assure that selection of jurors is free from racial prejudice.
Hence, we declare that in the future no questioning of prospective jurors in a criminal case may take place outside of the presence of a trial judge.[2] This requirement cannot be waived by anyone, including a defendant. The expediency of juror selection outside the presence of a judge must yield to judicial supervision of all questioning and the exercise of peremptory challenges.
Neil and Slappy, however, are not involved in this case. It may even be that Singletary's counsel preferred to conduct voir dire unfettered by the judge's restraining hand. In any event, there is no reason why Singletary should not be bound by his lawyer's decision on a subject matter concerning which Singletary could not have been expected to have a significant input.
We therefore quash the decision of the Third District Court of Appeal and remand with instructions to reinstate the judgment of guilt against Singletary.
It is so ordered.
EHRLICH, C.J., and OVERTON and GRIMES, JJ., concur.
BARKETT, J., concurs specially with an opinion, in which KOGAN, J., concurs.
SHAW, J., concurs in result only.
BARKETT, Justice, specially concurring.
I concur with the majority's conclusion and write only to add that a judge's presence during the voir dire is also required to discharge his or her responsibility to the jurors who are being interrogated.
In the heat of the adversary process and the compromises made between counsel, it is easy to forget that actions might not affect the parties that very well may affect the jurors.
It is true that the absence of the judge may not always be necessary to protect either of the parties to the litigation since each party would be represented by counsel. However, without the trial judge, there is no one to protect jurors from conduct or questions that may not be objectionable to the parties but that legitimately would be objectionable to jurors and might exceed the bounds of permissible inquiry in terms of the privacy rights of the jurors. Art. I, § 23, Fla. Const.
KOGAN, J., concurs.
NOTES
[1] In the absence of an objection or of prejudice, the judge's temporary absence during other segments of the trial has also been deemed harmless on similar grounds. Heflin v. United States, 125 F.2d 700 (5th Cir.), cert. denied, 316 U.S. 687, 62 S.Ct. 1276, 86 L.Ed. 1759 (1942); State v. James, 110 Ariz. 334, 519 P.2d 33 (1974); People v. Clyburn, 55 Mich. App. 454, 222 N.W.2d 775 (1974).
[2] The judge conducting voir dire need not be the one before whom the case is tried. The presence of a judge, not any particular judge, is what is required.