552 So.2d 911 (1989)
STATE of Florida, Petitioner,
v.
Modesto HERNANDEZ, Respondent.
No. 73807.
Supreme Court of Florida.
October 5, 1989.
Rehearing Denied December 13, 1989.
*912 Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, Miami, for respondent.
McDONALD, Justice.
In Hernandez v. State, 543 So.2d 755, 755 (Fla. 3d DCA 1989), the district court certified the following question as being of great public importance:[*]
May the defendant's right to have the trial judge present during the voir dire of prospective jurors be validly waived by his attorney or must the defendant personally waive such right?
We recently answered the same question in State v. Singletary, 549 So.2d 996 (Fla. 1989). In Singletary we held that
for this case and all those cases preceding this case, it is unnecessary for the defendant to join in his counsel's waiver of the judge's presence during voir dire of prospective jurors. For all those cases in which a jury is selected after this opinion is final the trial judge's presence during voir dire may not be waived.
Id., 549 So.2d at 997. In the instant case Hernandez' attorney and the state's attorney stipulated to the judge's being absent during voir dire. This constituted a valid waiver. Because Hernandez' jury was selected before Singletary became final, we quash the district court's decision and remand for further proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] We have jurisdiction pursuant to art. V, § 3(b)(4), Fla. Const.