PER CURIAM.
Defendant appeals his conviction for burglary and grand theft. We affirm.
Responding to a burglary report that a man was seen entering the window of a home, police found the defendant hiding under a bed in the home. A search of the defendant’s pockets produced jewelry later found to belong to the homeowner. The defendant was charged with burglary, grand theft, and resisting arrest. The trial court entered a not guilty plea after the defendant stood mute.
With defendant’s consent, jury selection took place outside the judge’s presence.[1] During voir dire, defense counsel by mistake read to jurors the similar charges in another grand theft case pending against the defendant which defense counsel thought was the case to be tried. The state did not object to the reading of the wrong information. Upon realizing the mistake, defense counsel moved for a mistrial. The motion was denied. The jury found defendant guilty of burglary and grand theft; he now appeals.
While it was error to reveal to the jury pending criminal charges against the defendant, we hold that error does not require reversal under the two-prong test for harmless error set forth in State v. DiGuilio, 491 So.2d 1129 (Fla.1986). First, in considering the permissible evidence presented to the jury, there was clearly overwhelming evidence of guilt. Second, the impermissible evidence presented consisted of reading to the jury similar charges against the defendant in a separate case. The impermissible evidence in no way became the focus of the trial. There was no further mention of the erroneous information after the voir dire examination.
According to DiGuilio, the appellate court must be able to state beyond a reasonable doubt that the error did not affect the verdict or else reversal is required. Id. at 1139. Weighing the permissible evidence of overwhelming guilt against the impermissible evidence conveyed to the jury, we readily hold the error to be harmless. See Fox v. State, 543 So.2d 340 (Fla. 1st DCA 1989).
Affirmed.

. After State v. Singletary, 549 So.2d 996 (Fla. 1989), the trial judge’s presence during jury selection cannot be waived by anyone, including the defendant. Singletary does not retroactively apply to the case at hand.