561 So.2d 533 (1990)
STATE of Florida, Petitioner,
v.
Salvador F. MUSTELIER, Respondent.
No. 74069.
Supreme Court of Florida.
March 29, 1990.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender, and Henry H. Harnage, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for respondent.
McDONALD, Justice.
In Mustelier v. State, 550 So.2d 1124, 1125 (Fla. 3d DCA 1989), the district court certified the following question as one of great public importance:
Is a twelve-person jury required in a first-degree murder case in which the prosecution waives the death penalty?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answered the certified question with a qualified affirmative and held that, regardless of whether the state seeks the death penalty, a twelve-person jury is required in first-degree murder trials unless waived by the defense. State v. Griffith, 561 So.2d 528 (Fla. 1990). In this case defense counsel's agreement with the state to trial by a six-person jury in exchange for the state's waiver of the death penalty constitutes an effective and valid waiver of Mustelier's statutory right to a twelve-person jury.[*]Griffith. We therefore quash the district court's decision.
It is so ordered.
*534 EHRLICH, C.J., and SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., concurs in result only.
NOTES
[*] The following exchange took place on the record.

MR. BERRY: [Prosecutor]: For the record, I think it was done yesterday in front of Judge Gersten, but we're picking a six-person jury; is that correct?
MR. WILLIAMS: [Defense Counsel]: Yes.
MR. SCOLA: [Prosecutor]: Has Mr. Mustelier agreed to have a six-person jury?
MR. WILLIAMS: [Defense Counsel]: Yes. The State has waived death?
MR. BERRY: [Prosecutor]: Yes.