PER CURIAM.
The defendant was a suspect in three convenience store armed robberies. At trial for one of the offenses, the State was permitted to present to the jury evidence of the defendant’s involvement in another of the robberies as similar fact evidence of other crimes.[1] In this appeal the defendant alleges reversible error in (1) a police officer’s mention of the defendant’s involvement in “three situations,” rather than two offenses, (2) the prosecutor’s argument that the defendant looked different at trial than on the date of the offense and his arrest, and (3) the conviction and sentence for possession of a firearm while engaged in a criminal offense and robbery with a firearm violates double jeopardy laws.
After a thorough examination of the record, we are not persuaded that reversible error occurred. Further, the evidence of guilt for the charged offense was overwhelming. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
*1326 On the third point the State agrees that Carawan v. State, 515 So.2d 161 (Fla.1987), requires that the conviction and sentence for possession of firearm be vacated.
Affirmed in part, reversed in part, and remanded for correction of the sentence.

. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); § 90.404(2), Fla.Stat. (1989).