583 So.2d 414 (1991)
James Lee LIKELY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3514.
District Court of Appeal of Florida, First District.
July 31, 1991.
James Lee Likely, pro se.
No appearance for appellee.
KAHN, Judge.
Appellant appeals the denial of his Rule 3.850 motion on the basis that the trial court erred in failing to order a PSI and in failing to supply written reasons or findings in support of his adjudication as a habitual felony offender. We affirm the trial court's order. In denying appellant's motion for post-conviction relief, the trial judge correctly observed that Mr. Likely waived adherence to the procedures of § 775.084(3), Fla. Stat. (1989).
As this court held in Caristi v. State, 578 So.2d 769, 774 (Fla. 1st DCA 1991), and Jefferson v. State, 571 So.2d 70, 71 (Fla. 1st DCA 1990), a defendant's knowing waiver of the procedural rights accorded by § 775.084, the habitual offender statute, precludes any relief from the trial court's failure to strictly follow the statute. In the instant case, appellant knowingly waived the PSI requirement and *415 agreed to be sentenced as a habitual offender. The transcript clearly shows that the plea was discussed with appellant; that the trial court said he considered the proposed plea agreement as a waiver of the PSI; that defense counsel discussed the court's interpretation with appellant; and that appellant waived the procedural requirements and agreed to be sentenced as a habitual felony offender. The trial court's order is affirmed.
SHIVERS and ZEHMER, JJ., concur.