FRANK, Acting Chief Judge.
Jackie Lamar Bryan has raised seven issues on appeal, the first of which has merit and is dispositive. Bryan has contended that the judge erred in failing to accompany the jury to a view of crime scene evidence — a truck in which the victim of second degree murder was sitting when Bryan shot him. We agree and reverse.
Section 918.05, Florida Statutes (1987), specifically requires a judge to be present at a jury view of a crime scene:
View by jury. — When a court determines that it is proper for the jury to view a place where the offense may have been committed or other material events may have occurred, it may order the jury to be conducted in a body to the place, in custody of a proper officer. The court shall admonish the officer that no person, including the officer, shall be allowed to communicate with the jury about any subject connected with the trial. The jury shall be returned to the courtroom in accordance with the directions of the court. The judge and defendant, unless the defendant absents himself without permission of the court, shall be present, and the prosecuting attorney and defense counsel may be present at the view.
The judge properly admonished the jurors about communications among them and the defendant’s attorney waived Bryan’s presence. It is evident from the record that the judge did not accompany the jurors to the view, nor did Bryan waive the judge’s presence.
According to Dodd v. State, 209 So.2d 666 (Fla.1968), and McCollum v. State, 74 So.2d 74 (Fla.1954), the judge’s absence at a jury view constitutes reversible error. The only exception to that rule — not applicable here — is the case in which the defendant, through counsel, has expressly waived the judge’s presence. Brown v. State, 538 So.2d 833 (Fla.1989); Roberts v. State, 510 So.2d 885 (Fla.1987), cert. denied, 485 U.S. 943, 108 S.Ct. 1123, 99 L.Ed.2d 284 (1988). The state has suggested that the following language in State v. Singletary, 549 So.2d 996 (Fla.1989), has eroded the rule: “the judge’s presence at a jury view ... has no impact upon a defendant’s fundamental constitutional right to a trial by an impartial jury.” Those words are directed, however, to the sufficiency of counsel’s — rather than the defendant’s— waiver.
Because the judge did not accompany the jury to the view of the truck, and because neither Bryan nor his counsel waived the judge’s presence, his convictions are re *1111 versed and this cause is remanded for a new trial.
THREADGILL and PARKER, JJ., concur.