PER CURIAM.
This is a consolidated appeal by the defendant Jack Catlett from a summary denial, without an evidentiary hearing, of his post-conviction motions to vacate judgment and sentence pursuant to Fla.R.Crim.P. 3.850. Prior to the filing of these Rule 3.850 motions, this court affirmed on direct appeal the defendant’s armed robbery convictions and sentences entered at two separate trials. Catlett v. State, 568 So.2d 1325 (Fla. 3d DCA 1990); Catlett v. State, 567 So.2d 1069 (Fla. 3d DCA 1990). We affirm the orders under review because, simply stated, the allegations of the defendant’s motions to vacate, even if true, do not state a sufficient ground for collateral attack relief or are otherwise refuted by the files and record in the case, and therefore no evidentiary hearing on the motions was required. Fla.R.Crim.P. 3.850(d); State v. Weeks, 166 So.2d 892 (Fla.1964).
First, the defendant alleges that his trial lawyer rendered ineffective assistance of counsel in the case because he did not obtain an on-the-record consent from the defendant when counsel stipulated with the state that the trial judge need not be present during the voir dire examination of the prospective *559 jury panel. Because this case was tried in both instances before the effective date of State v. Singletary, 549 So.2d 996 (Fla.1989), it is clear that defense counsel was authorized at the two trials below to enter into such a stipulation and that it was unnecessary for the defendant to join in his counsel’s waiver of the judge’s presence during voir dire of the prospective jurors. Id. at 997. As an aside, such stipulations are no longer valid for all cases tried, unlike this case, after the effective date of Singletary. Id.
Second, the defendant asserts that his trial lawyer rendered ineffective assistance of counsel in the case because counsel did not object at trial to the introduction of certain similar crimes evidence or to the prosecuting attorney’s argument to the jury based on such evidence. We reject this contention because the evidence to which counsel did not object was admissible similar crimes evidence and thus defense counsel’s failure to object to such evidence, as well as the state’s jury argument based thereon, did not fall below accepted professional standards. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Gore v. State, 599 So.2d 978, 983 (Fla.), cert. denied, — U.S. -, 113 S.Ct. 610, 121 L.Ed.2d 545 (1992); Burr v. State, 466 So.2d 1051, 1053 (Fla.), cert. denied, 474 U.S. 879, 106 S.Ct. 201, 88 L.Ed.2d 170 (1985).
Finally, the defendant asserts that his trial lawyer rendered ineffective assistance of counsel in the case because counsel failed to request a proper cautionary instruction to the jury concerning the similar crimes evidence. Even if such failure fell below accepted professional standards, there is no reasonable probability, as a matter of law, that, but for this deficiency, the result at trial would have been different — given the uncontradiet-ed and unimpeached evidence of guilt adduced at trial against the defendant. This being so, the defendant’s claim of ineffective assistance must necessarily fail. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Affirmed.