643 So.2d 1150 (1994)
Bernard Lee JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1624.
District Court of Appeal of Florida, Third District.
October 5, 1994.
Rehearing Denied November 9, 1994.
Bernard Lee Jones, in pro. per.
*1151 Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., and Keith S. Kromash, Certified Legal Intern, for appellee.
Before BARKDULL, BASKIN and GODERICH, JJ.
BARKDULL, Judge.
Appellant seeks review of the trial court's summary denial of a rule 3.850 motion.
Defendant plead nolo contendere to burglary with an assault and third degree grand theft on January 11, 1994. On April 14, 1994, defendant filed this rule 3.850 motion alleging that his plea was involuntary in that he was not aware that the state would seek habitual offender status; that his counsel was ineffective in that he failed to consult and counsel him or allow him to participate in the preparation of his case; and that he was denied his right to a presentence investigation prior to being sentenced.
The transcript makes it clear that defendant and his counsel were aware that he would be sentenced as a habitual offender. At sentencing, defendant was the first to address the issue when he specifically asked the court to explain how habitual offender status applied to him. That defendant disagrees with the applicability of the habitual offender status as applied to him is not of consequence, the transcript clearly shows that he was aware that the state would seek habitual offender status.
The transcript also demonstrates that defendant was not dissatisfied with his counsel and that he had been counseled and advised by his lawyer. Defendant stated on the record that his lawyer was a "fine lawyer," that he was satisfied with his representation and that he had had the opportunity to discuss with his lawyer his case and the plea agreement at length.
Finally, the transcript demonstrates that defendant knowingly and intelligently waived his right to a presentence investigation. The trial court specifically asked defendant whether he would waive his right to a PSI. Prior to waiving the PSI defendant asked the court to explain to him the purpose of a PSI and whether or not waiving the PSI would affect his sentence. Upon explanation, defendant stated that he would waive his right to a PSI. Thus the transcript demonstrates that defendant has waived his right to a presentence investigation.
The trial court did not err in summarily denying defendant's rule 3.850 motion where the record clearly refutes the allegations made. Defendant fails to allege a factual basis for post conviction relief because the sentencing transcript clearly rebuts defendant's allegations. To obtain relief defendant must allege facts which are not conclusively rebutted by the record, and, he must demonstrate that his counsel's performance was so deficient that but for the deficiency the outcome would have been different. See and compare Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Kennedy v. State, 547 So.2d 912 (Fla. 1989); Agan v. State, 503 So.2d 1254 (Fla. 1987); O'Callaghan v. State, 461 So.2d 1354 (Fla. 1984). This defendant has failed to do.
Accordingly, the order of the trial court is affirmed.
Affirmed.