GREEN, Judge.
Appellant Alexander Ortiz, a defendant in the trial below, appeals his conviction for armed robbery. His sole contention on appeal is that, pursuant to State v. Singletary, 549 So.2d 996 (Fla.1989), he is entitled to a new trial where the trial judge was present for the voir dire questioning of the prospective jurors but was absent when all of the parties informally agreed to a panel without the exercise of a single peremptory challenge. We disagree and affirm.
The facts briefly are that the trial court began and concluded the questioning portion of the voir dire just prior to the noon lunch hour. Three prospective venirepersons were excused by the court for cause. The trial judge then recessed the court proceedings for lunch and the remaining prospective jurors left the courtroom. Prior to leaving the courtroom himself, the trial judge gave the parties and counsel the option of remaining behind to attempt to agree on a panel during the lunch hour or resuming the selection process when the judge returned after lunch. The parties and counsel all agreed to remain in the courtroom to attempt to agree on the panel.
When court reconvened, the parties informed the trial judge that they had agreed on a panel plus an alternate without an objection or the exercise of any peremptory challenges.[1] Upon hearing this, the court had the names of the agreed upon panel and alternate read aloud in open court. The judge then individually asked Ortiz and the other codefendants whether they had agreed to this panel and whether they had conferred with their respective counsel about the prospective panel. Both Ortiz and his counsel assured the court that they had participated in and agreed to the selection of the jury and were satisfied with its membership.[2]
In Singletary, the Florida Supreme Court held that after this decision, no questioning of prospective jurors in criminal cases may take place outside the presence of the trial judge and that this requirement could not be waived by anyone, including the defendant. The court recognized that “[T]he expediency of juror selection outside the presence of a judge must yield to judicial supervision of all questioning and the exercise of peremptory challenges.” (emphasis added). State v. Singletary, 549 So.2d at 999. The court’s *1290 attendant reasons for its holding were to ensure the selection of competent jurors who were free of bias or prejudice for or against the parties; preclude a party from exceeding the bounds of proper examination of a juror or misstating the law; and preclude a party from exercising peremptory challenges in a discriminatory fashion. Id. at 998-999.
We find that none of the supreme court’s stated concerns about the absence of the trial judge during the voir dire process or a portion thereof have any applicability to the rather unique and unusual circumstances of this case.
First, in excusing for cause three prospective panel members before his departure, the trial judge inferentially pronounced all of the remaining panel members competent to serve. Second, since the judge was present throughout the questioning of the panel members, there was no opportunity for any party to exceed the bounds of proper questioning or misstate the law to the prospective panel members. Finally, no party sought to exercise a single peremptory challenge. Therefore, the issue of whether prospective jurors were being eliminated in a discriminatory manner simply never arose.
We recognize that the court in Singletary does state that “... the practice of permitting a judge’s absence during the questioning and selection of a jury should no longer continue.” Id. at 999. Although we construe this to be pure dicta, we would point out to the trial bench that a judge’s presence during both the questioning and selection process is the more prudent course of action. Under the unusual facts of this case, however, we are not prepared to conclude that the trial judge’s absence during the selection process ran afoul of the holding of Single-tary.
Affirmed.

. It isn’t clear from the record whether the parties and their counsel simply agreed to select the first seven venirepersons or the last seven.

. Ortiz’s two codefendants and counsel likewise represented to the court that they had participated in the selection and had no objections to the panel.