SUAREZ, J.
Salvador F. Mustelier (“Mustelier”) appeals a final order denying a Petition for Writ of Habeas Corpus. We find the trial court properly treated the petition as a Rule 3.850 motion for post conviction relief and affirm the trial court’s denial.
Mustelier was charged with first degree felony murder and conspiracy to traffic in cocaine, receiving convictions on both charges. His trial ran from November 5, 1986, until November 10, 1986. After waiving his right to a twelve-person jury in return for the State’s waiver of the death penalty, Mustelier received sentences of life imprisonment, with a mandatory minimum of twenty-five years incarceration, and fifteen year incarceration with a $250,000 fine. On December 16, 1986, Mustelier appealed to the Third District Court of Appeal, where the convictions were reversed and the cause was remanded to determine whether a twelve-person jury is required in a first-degree murder case in which the prosecution waives the death penalty. On May 29, 1990, the Florida Supreme Court reinstated the convictions on both charges. See State v. Mustelier, 561 So.2d 533 (Fla.1990). Subsequent motions for post conviction relief failed. Mustelier then filed this Petition for Writ of Habeas Corpus on September 30, 2005, nearly fifteen years after the convictions became final.
In his Petition for Writ of Habeas Corpus, Mustelier sought relief on the grounds that the trial judge was not physically present during the voir dire phase of his 1986 trial. The trial court dismissed this petition for three reasons: 1) In 1986, a judge’s absence during voir dire was neither fundamental error nor a jurisdictional question that could be raised at any time. State v. Singletary, 549 So.2d 996, 997 (Fla.1989); 2) Mustelier’s trial commenced before, and therefore was not governed by, the decision in Singletary, prohibiting the absence of a judge from the voir dire phase of a trial; and 3) Mustelier’s claims should have been raised either on direct appeal or in a prior motion for post conviction relief. Since they were not, the petition was treated as a motion for post conviction relief, and the trial court dismissed it as untimely, pursuant to Florida Rule of Criminal Procedure 3.850.
Singletary set forth a prohibition on judge absences during voir dire. The court’s opinion clearly states that only future cases and not cases decided previous to the decision would be affected. The court found there existed no precedential prohibition to the waiver of a judge’s presence at the time of the case, and it stated that the practice “should no longer continue” in trials where the jury selection is conducted after the Singletary decision. Singletary, 549 So.2d at 999. The voir dire in Mustelier’s case took place a year before the Singletary decision; therefore, Singletary does not apply. The trial court was correct in denying this petition.
Mustelier appeals from the denial of his Petition for Writ of Habeas Corpus. The trial court treated the petition as a Rule 3.850 motion. Mustelier did not raise the issue of the judge’s absence at any point on direct appeal or in post conviction motions. He cannot now raise it for the first time in a Petition for Writ of Habeas Corpus. Therefore, it was properly treated as an additional post conviction motion below. There is a two-year statute of limitations for bringing such a motion, and Mustelier’s Petition for Writ of Habeas Corpus was brought fifteen years after his conviction became final; therefore it is unquestionably untimely. See Fla. R.Crim. P. 3.850. For this reason, we also affirm the trial court’s order denying Mustelier’s *194 Petition for Writ of Habeas Corpus as untimely.
Affirmed.