On Motion for Rehearing

WARNER, J.
We grant appellee’s motion for rehearing, vacate our prior opinion and substitute the following opinion in its place.
Tamara Ortiz appeals her conviction and sentence for organized fraud of less than $20,000 and driving while license revoked. She claims that the court erred in denying her requests to obtain private counsel and sentencing her as a habitual offender without obtaining a presentence investigation. We hold that the trial court did not abuse its discretion in refusing her request to discharge her counsel and employ private counsel, where the request was made after the jury had been selected and sworn. We also affirm her sentence, as her attorney waived the preparation of a presentence investigation report.
As to the trial court’s denial of Ortiz’s request to discharge appointed counsel and retain private counsel, the facts of this case are directly on point with Evans v. State, 741 So.2d 1190 (Fla. 4th DCA 1999), where we affirmed a conviction after a defendant had made a similar request on the eve of trial to discharge counsel. Here, the trial court found that Ortiz’s request, made after the jury had been selected and sworn, was invoked to delay the proceedings. We find the trial court did not abuse its discretion in denying Ortiz’s request.
The state filed its notice to seek habitual offender sentencing. Section 775.084(3)(a)l., Florida Statutes, sets forth the process required to impose a habitual felony offender sentence, which includes the provision that “[t]he court shall obtain and consider a presentence investigation prior to the imposition of a sentence as a habitual felony offender or a habitual violent felony offender.” The PSI requirement, however, can be waived, as can all of the procedural rights under the statute. See Jefferson v. State, 571 So.2d 70 (Fla. 1st DCA 1990). The record in this case reflects that Ortiz’s attorney waived the PSI requirement at the end of trial and again at sentencing.
Ortiz argues that the record must show her personal waiver, and her attorney’s waiver is insufficient. We disagree. Failure to obtain an on-the-record personal waiver of the right to a PSI is not required under current supreme court precedent, and it does not constitute fundamental error.
In State v. Griffith, 561 So.2d 528 (Fla. 1990), the supreme court held that the waiver of a non-fundamental right requires no personal on-the-record waiver. There, a defense attorney waived a defendant’s right to a twelve-person jury in a death *776 penalty case. Because the right waived was not a fundamental one (as opposed to the right to a jury trial itself), an on-the-record showing of a defendant’s personal knowing and intelligent waiver of that right was not required. Thus, defense counsel’s on-the-record waiver of the defendant’s right was sufficient.
Griffith considered the waiver of the twelve-person jury a tactical decision on the part of defense counsel for which a court is not required to obtain the personal waiver of a right. It referred to its prior holding in State v. Singletary, 549 So.2d 996, 997 (Fla.1989):
It is impractical and unnecessary to require an on-the-record waiver by the defendant to anything but those rights which go to the very heart of the adjudicatory process, such as the right to a lawyer or the right to a jury trial. Fla. R.Crim. P. 3.260.
Griffith, 561 So.2d at 530 (citation omitted).[1]
The right to a PSI is not a fundamental, constitutional right, nor does it go to the heart of the adjudicatory process. It is a statutory right involving sentencing. In this case, defense counsel waived the PSI not only once but twice. It was discussed by the court, the state attorney, and Ortiz’s public defender in her presence. As in Griffith, she “should not now be heard to complain.” Id. at 530.
Bardwell v. State, 617 So.2d 431 (Fla. 4th DCA 1993), a direct appeal from a conviction and sentence, is distinguishable. There, we cited to Likely v. State, 583 So.2d 414 (Fla. 1st DCA 1991), for the proposition that a defendant can “knowingly waive” the right to a PSI, but we found no waiver present and thus reversed for resentencing. However, Bardwell does not involve an attorney waiver of the PSI, as is present in this case.
Furthermore, Likely and Jones v. State, 643 So.2d 1150 (Fla. 3d DCA 1994), involved appeals from orders denying post-conviction relief. In each case the court held that the motion alleging the trial court’s failure to obtain a PSI prior to sentencing could be summarily denied, because each defendant personally waived the right to a PSI during their respective plea colloquies. Neither case held that the failure to obtain a personal waiver constituted a fundamental error remediable on direct appeal. The fact that the defendants personally waived the PSI at their respective plea colloquies simply permitted the court to summarily deny the motion. Since neither case deals with an on-the-record waiver by an attorney in a direct appeal of a sentence, neither case is authority for reversal in this case.
For the foregoing reasons, we affirm the conviction and sentence.
POLEN, J., concurs.
HAZOURI, J., concurs specially.

. We agree, however, with the Griffith court when it said:
Although we expressly hold that the trial court did not have an affirmative duty to make a record inquiry concerning Griffith’s waiver of a trial by a twelve-person jury, when a defense waiver is required as to any aspect or proceeding of a trial, it would be the better procedure for the trial court to make an inquiry of the defendant and to have the waiver appear on the record. The matter would thus be laid to rest and preclude any appeal or postconviction claims of ineffective assistance of counsel.
Id. at 531 n. 5 (emphasis supplied).