DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DERRICK CULVER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-285

[April 22, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562010CF003963.

Margaret A. Benton, Fort Pierce, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Rather than continue with his trial, appellant agreed to an open plea to the court one day before his twenty-first birthday in the hope that the court would sentence appellant as a youthful offender for his crimes. In doing so, his counsel waived the preparation of a presentence investigation report, because to obtain one would push sentencing past his birthday and thus eliminate the court's ability to impose a youthful offender sentence. After the court rejected a youthful offender sentence and sentenced him to a substantial prison sentence, appellant moved to vacate his plea, claiming he was entitled to a presentence investigation before the court could sentence him. The court denied the motion.

We affirm. Although appellant contends that his right to a presentence investigation could not be waived by his attorney, we rejected this same argument in *Ortiz v. State*, 9 So. 3d 774, 776 (Fla. 4th DCA 2009), where we held that the preparation of the presentence investigation in a habitual offender case was a procedural right which did not require a defendant's personal waiver. The same analysis applies to waiver of the presentence investigation required by Florida Rule of Criminal Procedure 3.710. While *Albarracin v. State*, 112 So. 3d 574 (Fla. 4th DCA 2013), relied on by

appellant, does state that a presentence investigation is required for youthful offender sentencing, that case did not involve a waiver by defense attorney.

Had the presentence investigation not been waived, its preparation, which usually takes sixty days, would have prevented the court from imposing a youthful offender sentence, as appellant would have passed his twenty-first birthday. Moreover, appellant did present evidence to the court of his background and character, so the court was able to weigh the absence of prior criminal history against the nature of the crimes committed. In doing so, the court clearly concluded, on the record, that because of the nature of the crimes, youthful offender sentencing was not appropriate.

*Affirmed.*

WARNER, GROSS and FORST, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***