# Third District Court of Appeal

## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1252
Lower Tribunal No. F11-20254
_____

**Christopher Van Hatcher,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Yolande M. Samerson and Camilo Montoya, Assistant Attorneys General, for appellee.

Before LINDSEY, BOKOR and GOODEN, JJ.

BOKOR, J.

Christopher Van Hatcher appeals his sentence imposed after a violation of probation, alleging that the trial court failed to conduct a presentence investigation (PSI) before sentencing him as a habitual felony offender (HFO). Because Hatcher's original sentence was imposed pursuant to a negotiated plea waiving his right to a PSI, we affirm.

Hatcher accepted a negotiated guilty plea to charges of burglary, grand theft, and second-degree arson. In his plea form, Hatcher waived his right to a PSI and did not dispute his eligibility for HFO sentencing. After committing new law violations while on release, the trial court revoked his probation and sentenced him to a term of incarceration as an HFO and violent felony offender of special concern. He subsequently brought a Fla. R. Crim. P. 3.800(b)(2) motion to correct sentence, arguing in pertinent part that the court violated section 775.084(3)(a)1., Florida Statutes, by failing to conduct a PSI before sentencing him as an HFO. The trial court denied the motion in part as to that issue, finding the statute inapplicable to the probation revocation proceeding and that Hatcher waived his right to a PSI by accepting the plea. This appeal followed.

Section 775.084(3)(a)1. provides that "[t]he court shall obtain and consider a presentence investigation prior to the imposition of a sentence as a habitual felony offender or a habitual violent felony offender." Hatcher

2

argues that the "shall obtain" language imposes a clear obligation not met here. But we examine this language in the context of the entire statutory scheme, as "[i]t would be a mistake to think that our law of statutory interpretation requires interpreters to make a threshold determination of whether a term has a 'plain' or 'clear' meaning in isolation, without considering the statutory context." Conage v. United States, 346 So. 3d 594, 598 (Fla. 2022).

As the Florida Supreme Court explained, "[t]he plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Id. (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997)). So we analyze the statutory language against the backdrop that all but the most fundamental statutory requirements "can be waived, as can all of the procedural rights under the statute." Ortiz v. State, 9 So. 3d 774, 775 (Fla. 4th DCA 2009) (noting also that "[f]ailure to obtain an on-the-record personal waiver of the right to a PSI is not required under current supreme court precedent" and affirming HFO sentence imposed after PSI waiver by defendant's counsel during sentencing proceeding); see also Culver v. State, 163 So. 3d 622, 623 (Fla. 4th DCA 2015) (same); Leach v. State, 914 So. 2d 519, 521 (Fla. 4th DCA 2005) ("A defendant may waive constitutional,

3

statutory, or procedural rights during the criminal process."); Jefferson v. State, 571 So. 2d 70, 71 (Fla. 1st DCA 1990) (analogizing to other contexts in which "defendants have been recognized as having the option to waive numerous substantive rights in the criminal justice area, even though waiver is not expressly provided by statute"); State v. Singletary, 549 So. 2d 996, 997 (Fla. 1989) (declining to require "on-the-record waiver by the defendant to anything but those rights which go to the very heart of the adjudicatory process, such as the right to a lawyer").

We also examine the temporal context of the proceedings. Sentencing after a revocation of probation is a "deferred sentencing proceeding" at which the court may impose any sentence it might have originally imposed before placing the defendant on probation. Green v. State, 463 So. 2d 1139, 1140 (Fla. 1985); see also Shields v. State, 296 So. 3d 967, 971 (Fla. 2d DCA 2020) ("When a court resentences a defendant after revoking his probation, then, it is sentencing the defendant for the original offense, not for the conduct constituting the violation."); § 948.06(2)(b), Fla. Stat. Here, the record establishes that Hatcher waived his right to a PSI in the original negotiated plea resulting in probation, and the parties do not dispute that he qualifies for sentencing as an HFO and could not have challenged his original sentence because of a lack of a PSI. Nothing in section 775.084(3)(a)

4

indicates that the statute would otherwise require a duplicative (or, in this case, an initial) PSI before resentencing in a probation revocation proceeding, where, as here, the parties agree he wouldn't have been entitled to a PSI before the original sentencing. The trial court properly denied postconviction relief on this basis.

Affirmed.