DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHANIE SUSAN GRAHAM,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-1954

[August 20, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert B. Meadows, Judge; L.T. Case No. 312023CF000115A.

Daniel Eisinger, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant Stephanie Susan Graham appeals her judgment and convictions for possession of fentanyl and possession of drug paraphernalia following a jury trial. We affirm on all issues raised herein, but write to address Appellant's claims that the trial court erred in partially denying her motion to correct sentence on two grounds: (1) her sentence was unlawful because she had scored fewer than twenty-two points but was given a sentence greater than one year—sixty days in jail followed by one year of probation—despite qualifying for a "nonstate prison sanction" under section 775.082(10), Florida Statutes (2024); and (2) she had been entitled to a mandatory presentence investigation (PSI) report before sentencing.

Pending appeal, Appellant moved to correct her sentence, alleging those two errors. The trial court rejected Appellant's argument that her sentence exceeded the statutory maximum for a nonstate prison sentence based on *Pozos v. State*, 381 So. 3d 617, 621 (Fla. 4th DCA 2024), a decision which Appellant concedes was binding on the trial court. As to the failure to

order a PSI, the trial court found that Appellant had waived the PSI through her counsel.

"Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo." *Brooks v. State*, 199 So. 3d 974, 976 (Fla. 4th DCA 2016) (quoting *Smith v. State*, 143 So. 3d 1023, 1024 (Fla. 4th DCA 2014)).

On the first issue, the trial court correctly noted that we already have rejected the identical argument in *Pozos*, where we said, "[a]lthough a nonstate prison sanction of county jail incarceration must be limited to one year, nothing in section 775.082(10) restricts the aggregate duration of all nonstate prison sanctions to one year." *Pozos*, 381 So. 3d at 621. Here, Appellant was not sentenced to more than one year of incarceration, and the length of her probation is limited by section 775.082(3)(e), Florida Statutes (2024), which provides that a person convicted of a third-degree felony may be punished for a term not exceeding five years. Appellant's total sentence does not exceed one year of incarceration or five years in total. Therefore, the sentence which she received is lawful.

On the second issue, Florida Rule of Criminal Procedure 3.710(a) provides: "No sentence or sentences other than probation or the statutorily required mandatory minimum may be imposed" on any first-time felony offender or juvenile offender "until after such [presentence] investigation has first been made and the recommendations of the Department of Corrections received and considered by the sentencing judge." A trial court's failure to consider a mandatory PSI report before sentencing a defendant is a sentencing error that may be preserved through a rule 3.800(b) motion. *Hernandez v. State*, 137 So. 3d 542, 542 (Fla. 4th DCA 2014); *Albarracin v. State*, 112 So. 3d 574, 574 n.1 (Fla. 4th DCA 2013).

However, "[a] PSI requirement may be waived by the defendant's attorney." *Guzman v. State*, 350 So. 3d 72, 74-75 (Fla. 4th DCA 2022) (quoting *Ortiz v. State*, 9 So. 3d 774, 775 (Fla. 4th DCA 2009)) ("Defense counsel did not need to use the magic words 'we waive a PSI.'"). "A defendant's 'on-the-record personal waiver of the right to a PSI is not required under current supreme court precedent,' and a trial court's failure to obtain a personal waiver 'does not constitute fundamental error.'" *Id.* at 74 (quoting *Ortiz*, 9 So. 3d at 775). "The right to a PSI is not a fundamental, constitutional right, nor does it go to the heart of the adjudicatory process." *Ortiz*, 9 So. 3d at 776.

At sentencing, the trial court questioned whether a PSI had been prepared, and Appellant's counsel specifically advised the judge that none

had been ordered.  Counsel then proceeded to advise the court on the information and scoresheet, argued for a requested sentence, and stated twice that Appellant had no prior felonies.  At no time during the hearing did counsel object to the lack of a PSI or to proceeding with sentencing without one.  Because "no magic words" create a waiver, the record demonstrates Appellant had waived the PSI.  At sentencing, her counsel informed the court that no PSI existed, and did not object to the lack thereof.  We therefore find no error in the trial court's determination that the right to a PSI was waived.

*Affirmed.*

CIKLIN, J., concurs.
ARTAU, J., concurs in result only.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***